## JACOB STANWOOD *vs.* HENRY J. FLAGG.

A master of a ship, employed by a contract made in the United States for a foreign voyage at wages of a certain number of dollars per month, may retain and apply to his own use freight money collected by him in pounds sterling in a British port, to the extent of his wages then due, computed at the rate of four dollars and eighty-four cents to the pound sterling; and his right to do so is not affected by instructions from the owners, not assented to by him, to collect the freight money upon the delivery of the cargo, and deposit it to their credit.

CONTRACT for money received by the defendant, as master, to the use of the plaintiff, as owner, of the ship Southern Eagle.

At the trial in the superior court, before *Rockwell*, J., a verdict was returned for the defendant; and the plaintiff alleged exceptions. The material facts are stated in the opinion.

*A. A. Ranney*, for the plaintiff.

*J. Nickerson*, for the defendant.

GRAY, J. There is no material difference between the two reports of the auditor. The facts as found by him, and upon which the ruling of the superior court was based, were as follows:

By a contract made in the United States on the 13th of March 1863, the plaintiff employed the defendant as master of a ship then in the port of New York and bound on a foreign voyage, at the rate of one hundred dollars a month, without any express stipulation that it should be paid in gold. The plaintiff, on the day on which the contract was made, and twice afterwards, wrote letters to the defendant, directing him upon delivery of the cargo to collect and deposit the freight money to the credit of the plaintiff. It does not appear that the defendant either assented or objected to these instructions, and they do not affect the contract which is proved to have been made between the parties.

After the defendant had been sailing the ship for seventeen months under this contract, he arrived at a British port, and, collecting the freight money there due in pounds sterling, paid himself out of the same the sum of three hundred and forty

pounds, which he allowed in his account at the rate of five dollars to the pound, and the greater part of which he deposited in London and afterwards caused to be remitted to New York for his own use. The plaintiff contends that the sum so taken by the defendant should be charged to him at the rate of exchange then current in New York, payable in the paper currency of the United States. But the presiding judge ruled otherwise, in accordance with the judgment of this court in *Bush* v. *Baldrey*, 11 Allen, 367, which upon the point in issue has our unanimous approval.

The defendant's wages were payable in money of the United States, without specifying the metal or material of which that money should consist. Throughout the term of the transaction in question, gold coin and treasury notes were equally a legal tender at their nominal value for the payment of debts; and a payment in either, without special agreement as to the rate at which it should be taken, was a satisfaction of so many dollars of the debt. *Bush* v. *Baldrey*, 11 Allen, 367. *Howe* v. *Nickerson*, 14 Allen, 403. *Sears* v. *Dewing*, 14 Allen, 426. The rate at which a pound sterling is to be estimated by our courts, in the absence of special agreement, is $4.84, which is less than the defendant charged himself with in his account. *Commonwealth* v. *Haupt*, 10 Allen, 38. *Babcock* v. *Terry*, 97 Mass. 482. The defendant, having taken, out of the freight money collected by him as master, no more than ˉegally belonged to him, is not accountable to the plaintiff for the subsequent investment or profits thereof.     *Exceptions overruled.*