## MARTHA E. WALES *vs.* NATHANIEL W. COFFIN.

The possession of a tenant of land may be so far adverse as to entitle him to compensation for improvements, under the Gen. Sts. *c.* 134, § 18, although he holds a limited estate which entitles him to the possession at the same time, so that his possession does not constitute a disseisin of the tenant in remainder; if his holding is not in fact and intent under the partial and rightful title, but under a claim of the entire interest.

On the trial of a writ of entry brought by a widow to recover land owned originally by her and her husband jointly, *Held,* that the execution by him, for a full consideration, of a warranty deed of the fee of the land, she joining to release dower; following deeds by

which he in fact asserted, apparently with her assent, that he had acquired her original interest; and followed by a repurchase and a reconveyance of the land by him, she again joining to release dower; gave the tenant, who subsequently purchased the land, such reason to believe that the title under which he held it was good, as to entitle him to compensation for improvements, under the Gen. Sts. *c.* 134, § 19.

The improvements for the value of which a tenant of land, against whom judgment is recovered on a writ of entry, is entitled to compensation under the Gen. Sts. *c.* 134, §§ 18, 19, are such only as were made while the possession of the maker was adverse or under a title which he had reason to believe good.

WRIT OF ENTRY by a widow to recover land originally conveyed to her and her husband jointly, and held by the tenant under deeds from the husband. After the decision reported 13 Allen, 213, affirming the judgment of the superior court for the demandant, the case was referred to an assessor, to assess, among other things, the tenant's claim under the Gen. Sts. *c.* 134, §§ 18, 19, for the value of buildings and improvements, and now came again before this court on an appeal from the judgment ordered by the superior court upon the report of the assessor. All the material facts appear in the opinion and those portions of the previous report to which reference is therein made.

*W. Colburn,* for the tenant.

*C. P. Hinds & G. H. Kingsbury,* for the demandant.

HOAR, J. The somewhat complicated series of conveyances under which the tenant now claims compensation for improvements is set forth at length in the former report of the case, 13 Allen, 213. The original conveyance to Amasa Wales, and his wife, the present demandant, created a joint tenancy, and was made in 1837. Amasa Wales died in February 1865; and all his title to the demanded premises has been held by the tenant and those under whom he claims, since the conveyance to Cheever in April 1846. To entitle himself to an allowance for improvements, the tenant must show, either 1. that he and those under whom he claims have held and possessed the premises for six years before the commencement of the action; or 2. although they have not been so held for six years, that he holds them under a title which he had reason to believe good. Gen Sts. *c.* 134, §§ 18, 19.

The objection of the demandant to the tenant's claim is placed upon this ground : that the holding and possession contemplated by the statute is an adverse possession; that the deed of Amasa Wales gave a title and right of possession, which continued till his death in 1865 ; and that there was no adverse possession while the tenant or those under whom he claims had this title. But the case of *Plimpton* v. *Plimpton,* 12 Cush. 458, is a controlling authority to the contrary. In that case a testator had left a life estate to his widow, with a remainder in fee to one of his sons. The residuary devisee, supposing the remainder to be only for life, and having acquired the widow's title, conveyed the land by a deed of warranty in fee to the tenant. It was held that after six years' possession the tenant was entitled to compensation for improvements made by his grantor during the life of the widow, although her death was within less than six years of the time of the commencement of the action. The ground of the decision is stated to be this, that, having acquired the widow's title, the holding and possession was adverse to her; and the claim to hold it in fee, and not merely under her life estate, made it also adverse to the remainderman.

So in the present case, the original estate of Amasa Wales passed to the tenant through the mesne conveyances, and he and his grantors held that estate adversely, that is, as their own. The estate of Mrs. Wales, the demandant, did not pass; and her title became complete on the death of her husband ; but in the mean time they had held under a deed of warranty of the fee, and therefore adversely to her right.

The effect of the decision in *Plimpton* v. *Plimpton* is, in short, that the possession of a tenant may be so far adverse as to entitle him to compensation for betterments, although he holds a limited estate which entitles him to the possession at the same time, so that his possession does not constitute a disseisin of the tenant in remainder; if his holding is not in fact and intent under the partial and rightful title, but under a claim of the entire interest. See also *Heath* v. *Wells,* 5 Pick. 140.

But on the second ground furnished by the statute we think he tenant is entitled to the compensation for improvements ;

that he, and those under whom he claims, have held the land by a title which they had reason to think good. The conveyance in fee by deed of warranty from Ann Wales to Noble in 1842, Amasa Wales and his wife joining to release dower, either in itself, or more strongly in connection with the other conveyances, would constitute a sufficient reason. A conveyance in fee for a full consideration with warranty, following the deeds by which the husband in fact asserted, and with the apparent assent of the wife, that he had in some manner acquired the wife's original interest, so that all which remained to her was a right of dower; and this followed by a repurchase and reconveyance by the husband, the wife again joining to release dower, might well enough lead a reasonably cautious purchaser to think the title perfect without further scrutiny. And it was decided further in *Plimpton* v. *Plimpton,* that the fact that the tenant had a good estate for life would not defeat the claim for betterments, if he had reason to believe that he had a title in fee.

We have therefore no doubt that the tenant is entitled to an allowance, in the manner provided by statute, for the improvements made by himself and by Leonard, although made while the title derived from Amasa Wales was valid and subsisting.

But the improvements made by Amasa Wales stand upon a different principle. The true construction of the statute we think must obviously be, that it is only improvements made while the possession is adverse, or under a title which he who makes them has reason to think good, which are in any case to be allowed, whether made by the tenant or those under whom he claims. The report of the assessor does not expressly find whether the improvements made by Amasa Wales were made at the first or second time at which he held the premises. From the consideration named in the deeds we should infer that it was during the earlier possession. If this be so, we can see no cause for believing that at that time he held the estate adversely to his wife, or that he had any reason to believe his title better than that of a joint tenant with her. Under those circumstances, the improvements which he made would inure to their

joint benefit according to their title, and the tenant can have no compensation for them.

Judgment will be entered in accordance with these views.