WILLIAM STARK vs. NATHANIEL W. COFFIN & others.
MARTHA E. WALES vs. NATHANIEL W. COFFIN.

A deed conveying part of a tract of land as bounded "by a passageway of fifteen feet wide" leading across the tract, with no restrictive or controlling words, passes the fee to the centre of the way so assumed as a monument, although no such way existed at the date of the deed or has ever been fenced off, and although the deed further provides that "said passageway is to be held in common by the parties to this instrument and their heirs forever."

In consideration of a loan of four thousand dollars in paper money, the holder of a tract of land gave a first mortgage of it in May 1862 to secure payment of "four thousand dollars in gold coin, or its equivalent value in current money, in three years," with interest "payable in the same funds semi-annually in advance;" and afterwards gave other mortgages of it for subsequent loans. In 1867, (after breach of the condition of the first mortgage,) another person recovered judgment in a writ of entry against the mortgagor for the land, and nothing for rents and profits; elected to take execution for possession upon paying into court for the tenant four thousand and twenty-five dollars as the value of his improvements; and made the payment, and took the execution, which was returned unsatisfied as to costs. The first mortgagee, before the payment, filed a bill in equity for a foreclosure of his mortgage and for the application to his mortgage debt of the money so to be paid. The said demandant, after the return of his execution, also filed a bill in equity, seeking to be allowed out of said money his costs in the writ of entry and the amount of rents and profits to which he might be found entitled. *Held,* (1) that the money in court was to be applied to satisfy the mortgages, according to their priority; (2) that the judgment in the writ of entry allowing nothing for rents and profits could not be impeached in these suits; (3) that as against the mortgagees the demandant had no equity to be paid his costs in the writ of entry out of the money in court ; (4) that the debt secured by the first mortgage was not usurious, in the absence of any evidence of unlawful intent; (5) that, whether the money was received by the clerk of the court in coin or in treasury notes, it was payable dollar for dollar upon the first mortgage debt; but (6) that any balance of said debt, after such payment, was payable in gold coin.

GRAY, J.　The facts of these cases are agreed by the parties. On the 8th of May 1862 Nathaniel W. Coffin borrowed of William Stark four thousand dollars in paper money of the United States and bank bills, and executed and delivered to him a mortgage of a tract of land in Dorchester, with condition that upon the payment of " the sum of four thousand dollars in gold coin, or its equivalent value in current money, in three years from the day of the date hereof, with interest on said sum at the rate of six per centum per annum, payable in the same funds semi-annually in advance," the mortgage, as well as a promissory note of the same date for a like sum and interest, payable in like manner to Stark or order, should be void ; and containing a power of sale.

On the 7th of September 1866 Coffin mortgaged the same premises to the Union Mutual Life Insurance Company to secure the sum of $2500 and interest, and on the 7th of January 1868 to Frederick W. Lincoln to secure another sum of $4000 and interest, (both these mortgages being subject to Stark's,) and on the 4th of July 1868 conveyed his remaining interest to Lincoln. The whole of the principal sum of $4000 secured by the mortgage to Stark, as well as that of $2500 secured by the mortgage to the insurance company, is now due and unpaid, with interest, although each mortgagee had demanded payment both from Coffin and from Lincoln.

In 1865, Martha E. Wales, without the knowledge of Stark, brought a writ of entry against Coffin in the superior court to recover a portion of the mortgaged premises, upon which it was adjudged by this court that she was the sole owner of that portion. *Wales* v. *Coffin*, 13 Allen, 213. That case was then sent to an assessor to hear the parties and report the value of mesne profits; of improvements; and of the estate claimed, without improvements. Upon his report, it was held by this court, and certified by rescript to the superior court, that the demandant was not entitled to any allowance for rents and profits, that the value of the estate without improvements be estimated at $1975, and that the value of the improvements which the tenant was entitled to have allowed him in case the demandant should elect to take the land be fixed at $4025. *Wales* v. *Coffin*, 100 Mass. 177. The superior court thereupon ordered that the demandant might during the pending term of the court enter on the record her election to relinquish her estate in the demanded premises to the tenant at the price of $1975; otherwise, the demandant should have execution for the possession of the demanded premises, upon paying to the tenant, or to the clerk of the court for his use, the value of the improvements which he was entitled to have allowed him, fixed at $4025.

The land thus demanded by Mrs. Wales was bounded, on the side towards the rest of the mortgaged premises, in the deed under which she acquired title, " by a passageway of fifteen feet wide, leading from " a certain public road to other land of her

grantor, " which said passageway is to be held in common by the parties to this instrument and their heirs forever." It is indeed agreed that no such way existed at the date of that deed, or has ever been fenced off; and that the whole of the mortgaged premises has remained open, without division or separation between the part recovered by Mrs. Wales and the rest, and with a fence and gates on the line of the public road along the whole front of the mortgaged premises, including the passageway. But by a well settled rule of construction, the deed bounding the land granted " by a passageway," with no restrictive or controlling words, passed the fee to the centre of the way so assumed as a monument; and the further grant and reservation of a right of way in common to the grantor and grantee and their heirs did not affect the title in the soil under the supposed way. *Boston v. Richardson*, 13 Allen, 146. *White v. Godfrey*, 97 Mass. 472. The necessary consequence is, that by the judgment recovered by Mrs. Wales on her writ of entry, and the execution issued thereon, following the description in the deed, the title has vested in her to the same extent.

The first of the suits now before us is a bill in equity, brought by Stark against Coffin, the Union Mutual Life Insurance Company and Lincoln, alleging that Coffin never informed the plaintiff of any of said proceedings of Mrs. Wales, but kept them all concealed from him, and he but very recently learned of them; that if Mrs. Wales should pay Coffin the sum of $4025, and take out and extend her execution for possession, the plaintiff would be deprived of nearly all his security for his debt; that by reason of the concealment aforesaid, and of Coffin's having no property, the plaintiff feared that Coffin, if he should receive that sum, would so dispose of it that the plaintiff could not receive or derive any benefit from it; and that that sum, so to be paid by Mrs. Wales to enable her to take execution, was a debt, right or interest of a debtor, which could not be come at to be attached or taken on execution in a suit at law against him. The bill prayed for a foreclosure of the plaintiff's mortgage, for an account of the sums due thereon, for an injunction against Mrs. Wales from paying the sum aforesaid to Coffin or any other person than the clerk

of the court, and against Coffin from receiving or assigning to any other person the right to receive the same, and for further relief. Such an injunction was granted upon the filing of the bill, and Mrs. Wales thereupon paid into the hands of the clerk of the superior court said sum of $4025, and took out execution for the possession of the premises demanded by her and for her costs, upon which execution she was put into possession of the premises demanded, but which was returned unsatisfied as to the costs, Coffin having no property.

Mrs. Wales has also brought a bill in equity against Coffin, which is the second case now before us, praying to have allowed and paid to her, out of said sum of $4025, the amount of those costs, and also the amount of the rents and profits of the premises so recovered by her, to which she may be found entitled.

The principal questions in these cases involve the rights of the parties in the sum of $4025, allowed by the court, and paid by Mrs. Wales into the hands of the clerk, for improvements on the demanded premises while held by Coffin or those under whom he claimed title.

By the statutes of the Commonwealth, a demandant, recovering judgment on a writ of entry, is entitled to recover also rents and profits, if any, in the same action; and the tenant is entitled to compensation for the value of any improvements made on the premises by himself, or any person under whom he claims, if he has held the premises for six years or under a title which he had reason to believe good, not exceeding however the amount actually expended therefor, nor the increase of the value of the premises thereby. When any sum is allowed to the tenant for improvements, it is to be set off against any sum found due from him for rents and profits; and, if there is a balance due from him, the demandant is to have judgment and execution therefor, as well as for possession. If, on the other hand, any balance is due to the tenant for improvements, after deducting the amount of rents and profits, the demandant must, before taking out his writ of seisin, pay that sum to the tenant, or to the clerk of the court for his use, or furnish such security or pay into court such sum of money as the court may order for the purpose of securing the

payment thereof; or he may elect upon the record to relinquish his estate to the tenant for a price equal to what its value would have been at the time of the inquiry, if no improvements had been made, and if he makes such election, that price is to be paid by the tenant to the demandant or to the clerk of the court for his use. Gen. Sts. *c.* 134, §§ 13–36. St. 1864, *c.* 302.

1. The right of the tenant to hold the demanded premises until payment for his improvements is made or secured to the satisfaction of the court is an interest in the land, secured by a lien thereon, analogous to that which is recognized and enforced by courts of equity, in the absence of any statute, whenever the rightful owner of land is obliged to resort to equity to assert his title. *Green* v. *Biddle*, 8 Wheat. 1, 16, 83. 2 Story Eq. § 1237. This interest of Coffin, like any other interest of his in the land mortgaged, or in improvements made thereon, either before or after his mortgages, vested in his mortgagees, and did not cease to be theirs by being converted into money. *Winslow* v. *Merchants' Insurance Co.* 4 Met. 306. *Wilmarth* v. *Bancroft*, 10 Allen, 348. The money paid in satisfaction and discharge of this interest and lien must therefore be applied to the payment of the mortgages according to their priority.

2. The right of the demandant to recover rents and profits upon the writ of entry is exclusive of any other remedy to recover the same against the tenant. *Raymond* v. *Andrews*, 6 Cush. 265. They can be set off against the sum allowed to the tenant for improvements, only by the judgment of the court upon the writ of entry, and execution issued in accordance therewith. Gen. Sts. *c.* 134, § 26. On the writ of entry brought by Mrs. Wales against Coffin, it was adjudged by this court and certified to the superior court, that the demandant was entitled to nothing for rents and profits, and final judgment was there rendered and execution taken out accordingly. No mention was made of this point in the opinion reported in 100 Mass. 177, because it was supposed to involve no question of law, but mere matter of fact, inasmuch as the assessor had found that the premises, without improvements, would produce no rent, and on that finding the demandant was, by the express provision of the statute, entitled to no allow-

ance for rents and profits. Gen. Sts. *c.* 134, § 16. If there was any error in the judgment in that respect (which we see no ground for presuming) it could be corrected only by application to revise or review it. In these suits, that judgment is conclusive  Mrs. Wales therefore shows no right to claim any sum for rents and profits out of the amount allowed for improvements.

3. The statutes, while they provide for the setting off of executions between the same parties in any action, and for the setting off by judgment in a writ of entry of any sum found due to the demandant for rents and profits against the sum allowed to the tenant for improvements, do not provide for the setting off of the demandant's costs against the sum allowed for improvements, or oblige the tenant to take out execution for the sum so allowed him, but, on the contrary, require the demandant to pay or secure such sum as a condition precedent to obtaining judgment and execution. Gen. Sts. *c.* 133, § 23 ; *c.* 134, §§ 26, 27. St. 1864, *c.* 302. The demandant in the writ of entry shows no legal right, and no equity, as against the tenant's mortgagees, to have the costs of that action paid out of the improvements on the premises, or out of the sum allowed and paid for the same.

The remaining questions concern the mode of computing the amount to be paid on Stark's mortgage.

4. Neither the stipulation to pay the promissory note secured by this mortgage in a particular kind of money (though differing from that in which the consideration was received) nor the agreement to pay the accruing interest at the beginning, instead of the end, of each year, made the contract usurious, in the absence of any evidence of unlawful intent. *Bank of United States* v. *Waggener*, 9 Pet. 378. *Bank of Orleans* v. *Curtis*, 11 Met. 359. *Lyman* v. *Morse*, 1 Pick. 295, note. *Agricultural Bank* v. *Bissell*, 12 Pick. 586. The second mortgagees therefore show no ground for reducing the amount due on the first mortgage according to its terms.

5. According to former decisions of this court, (on which the second mortgagees rely,) Stark would have been entitled, in equity as well as at law, to a simple decree for the payment of

the number of dollars expressed in the mortgage, with interest, without specifying the kind of money in which it should be paid. *Wood* v. *Bullens*, 6 Allen, 516. *Howe* v. *Nickerson*, 14 Allen, 400. *Tufts* v. *Plymouth Gold Mining Co.* Ib. 407. And such was the judgment of the court of appeals of New York upon a mortgage similar in its terms to that now before us. *Rodes* v. *Bronson*, 34 N. Y. 649. But the supreme court of the United States has recently reversed that judgment, and held that such a mortgage could be satisfied only by payment of the principal and interest in coin, and that a judgment in any court for the amount of the debt might require it to be so paid. *Bronson* v. *Rodes*, 7 Wallace, 229. *Butler* v. *Horwitz*, Ib. 258. And this court has since recognized and acted upon the duty of conforming in this respect, on a question involving the construction and effect of the statutes of the United States, to the decision of the highest judicial tribunal of the nation. *Independent Insurance Co.* v. *Thomas*, 104 Mass. 192. *Warren* v. *Franklin Insurance Co.* Ib. 518.

But that court has made no decision inconsistent with those in which this court has held that where money is paid and received without specific agreement for any distinction, in computing or accounting for the same, by reason of the kind of currency in which the payment is made, it must be fixed by the number of dollars paid. *Bush* v. *Baldrey*, 11 Allen, 367. *Stanwood* v. *Flagg*, 98 Mass. 124. On the contrary, it has declared, in a decision earlier than those above cited from the 7th of Wallace, that when a deposit in a bank is general, and there is no special agreement proved, the title in the money deposited passes to the bank, the transaction is unaffected by the kind of money in which the deposit is made, and the bank becomes liable for the amount as a debt, and may discharge such debt in any currency which is by law a legal tender. *Thompson* v. *Riggs*, 5 Wallace, 663, 678. And no qualification of that opinion is suggested in the later cases. It has also since held, that where a party was obliged to come into a court of equity to enforce a contract, it was within the equitable discretion of the court, upon the rule that a party seeking equity must do equity, to prescribe by its decree the kind

of money in which a payment should be made, which by the terms of the contract sued on was to be made in dollars generally. *Willard* v. *Tayloe*, 8 Wallace, 557. It is true that in that case the rule was so applied as to require payment to be made in gold and silver coin, because at the time when the contract was made nothing else was a legal tender for the payment of debts. But the principle of the decision must extend to every kind of currency, treated as money by the law or by the dealings between the parties.

In the case now before us, the amount to be paid by the demandant in the writ of entry as an allowance for the improvements was assessed in money; it was paid into the custody of the clerk of the court as money; it is alleged in Stark's bill to be money, and he seeks to have it applied as money to the payment of his debt. It does not even appear, and is not material, in what kind of money it was paid to the clerk. Stark therefore, upon his bill seeking to apply this money to the payment of his mortgage debt, must take it dollar for dollar, just as he must have done if he had sued the mortgagor upon the mortgage note payable in gold, and had summoned as trustee one who owed a debt to the defendant, payable in money of less intrinsic value.

The result is, that upon Stark's bill a decree is to be entered for a foreclosure of his mortgage; for an account of the sum due thereon, to be taken by a master, unless the parties agree; for the application of the sum of $4025 in the hands of the clerk to the payment of an equal number of dollars of the mortgage debt; for the payment in gold coin of the balance of the mortgage debt, computed according to the facts agreed by the parties; for the payment of his costs in this suit; and, in default of payment of the balance so found due on his mortgage, and of such costs, for the sale, in accordance with the power in his mortgage, of so much of the land as has not been recovered by Mrs. Wales on her writ of entry, and for the application of the proceeds of such sale to the satisfaction of such balance and costs, and the application of any residue of such proceeds to the payment of the mortgage debt of the insurance company, and the payment of any surplus

remaining to the defendant Lincoln; and that the bill of Mrs. Wales is to be dismissed, with costs. *Decrees accordingly.*

*H. G. Parker*, for Stark.

*C. P. Hinds & G. H. Kingsbury*, for Mrs. Wales.

*C. P. Judd*, for the Insurance Company.