### JAMES WALKER *vs.* WILLIAM BOYNTON.

Suffolk.    March 21. — May 16, 1876.    DEVENS & LORD, JJ., absent.

The owner of a tract of land divided it into lots, with streets running through it, and had a plan thereof made and recorded.  The plan showed, between two of the streets, two lots, the side line of one apparently marked " 90," and that of the other " 103.70," with a passageway between them marked " 8."  In fact the distance between the two streets was 193.70 feet, and, according to the scale marked on the plan, the figures marked on the side line of each lot carried that line to the centre of the passageway.  In a deed, which referred to the plan, the side line and the line on the passageway, of the first lot, were described as running "ninety feet to a passageway eight feet wide, then turning at a right angle and running on said passageway," a given distance.  *Held*, that the plan and the deed must be construed together, and that the side line did not run ninety feet, exclusive of the passageway.

CONTRACT for a breach of the covenants of seisin and good right to convey, contained in a deed from the defendant to the plaintiff of a parcel of land on Greenwich Street in Boston.  At the trial in the Superior Court, *Brigham*, C. J., ordered a *pro forma* verdict for the plaintiff, and reported the case for the consideration of this court.  The facts appear in the opinion.  The report also referred to a plan, a copy of the material part of which is printed on the next page.

*S. J. Thomas*, for the plaintiff.

*H. H. Currier*, for the defendant.

MORTON, J.  All the land included in the quadrangle between Greenwich, Warwick, Windsor and Madison Streets formerly belonged to the Tremont Improvement Company.  In 1866 this company caused the land to be surveyed and laid out into lots, and a plan thereof to be made and recorded.  It afterwards conveyed these lots to various persons, the deeds severally referring to this plan.  It is necessary to refer to only two of these deeds.  By deed dated April 14, 1867, it conveyed to one Pelton seven lots on the easterly side of Windsor Street, as shown on said plan, " beginning at the southwesterly corner of land now or late of said Richardson ; thence running southeasterly on Windsor Street one hundred and sixty-eight feet to a passageway eight feet wide; thence turning at a right angle and running on said passageway ninety feet to a second passageway eight feet wide ; thence turning at a right angle and running

on said second passageway one hundred and sixty-eight feet to land of said Richardson; thence turning at a right angle and running ninety feet to the place of beginning, containing 15,120 square feet of land."

By deed dated June 21, 1869, it conveyed to the defendant seven lots on Greenwich Street, as shown on said plan, bounded "southeasterly by an eight foot passageway running from Greenwich Street to Windsor Street, one hundred and three $\frac{70}{100}$ feet; northeasterly by Greenwich Street one hundred and sixty-eight feet; northwesterly by land of Hammond, there measuring one hundred and three $\frac{70}{100}$ feet; and southwesterly on an eight foot passageway, there measuring one hundred and sixty-eight feet; containing 17,416 square feet of land." The defendant conveyed the same premises, by the same description, to the

Scale 80 feet to an inch.

plaintiff by deed dated July 8, 1869, and this action is brought for an alleged breach of the covenants of seisin and good right to convey, contained in the deed to the plaintiff.

It appeared at the trial that the lines of Greenwich Street and Windsor Street are established monuments, and are correctly laid down on said plan, and that the distance between the two streets is one hundred and ninety-three $\frac{70}{100}$ feet. This is exactly the sum of the two lines called for by the deeds to Pelton and the plaintiff as the measure of the depth of their lots.

The plaintiff contends that Pelton, by his prior deed, took land to the depth of ninety feet from Windsor Street exclusive of the eight foot passageway, and that he, the plaintiff, is entitled to a depth of one hundred and three $\frac{70}{100}$ feet from Greenwich Street exclusive of the passageway, but we cannot regard this as the true construction of the deeds. The descriptions in the deeds must be read in connection with the plan, which, by reference, is made a part of them. At first sight it would seem from the plan as if the two lines of ninety feet and one hundred and three $\frac{70}{100}$ feet run respectively to the outer lines of the passageway; but upon examination and the application of the scale furnished by the plan, it becomes plain that they extend to and meet in the centre line of the passageway.

The language of the deed to Pelton, " thence turning at a right angle and running on said passageway ninety feet to a second passageway eight feet wide," does not necessarily import that the length of ninety feet terminates at the outer rather than the centre line of the second passageway. By the common rule of construction, this description carries the land of the grantee to the middle of the passageway as a monument, and by so doing, he gets the length of line which his deed calls for. *White* v. *Godfrey*, 97 Mass. 472. *Stark* v. *Coffin*, 105 Mass. 328. *Lewis* v. *Beattie*, 105 Mass. 410. The same suggestions are true of the description in the deed to the plaintiff.

Construing these descriptions in connection with the plan, it is clear that the intention of the parties was that the lots conveyed to Pelton should run back ninety feet from Windsor Street to the centre of the passageway shown on the plan; that the lots conveyed to the defendant, and now held by the plaintiff, should run one hundred and three $\frac{70}{100}$ feet from Greenwich

Street to the centre of the said passageway, and that an eight feet passageway should be taken off the rear of both sets of lots, four feet being taken off of each.

The same considerations apply to, and dispose of, the plaintiff's claim as to the other passageway running from Greenwich Street to Windsor Street.

Upon this construction of the deeds, it follows that the plaintiff cannot maintain this action. He gets all that his deed calls for, and he cannot maintain an action against this defendant because the adjoining owners have encroached upon his rights in the passageways by erecting buildings or fences thereon.

*Verdict set aside and plaintiff nonsuit.*