Freeman v. Sayre.

ENOS FREEMAN v. JAMES R. SAYRE, JR.

1. By contemporaneous conveyances of lots on an alley, by descriptions bounding thereon, with a right of way over the alley in common with the other owners, the title passes, unless there are express words of exclusion, to the centre line of the alley, subject to the private way; and for an injury to the soil and things affixed thereto an action of trespass will lie by an owner in possession of the adjoining lot.

2. For injury occasioned by the interruption of the easement of way, damages are to be awarded for the inconvenience thence arising up to the commencement of the suit; for injury by digging and removing soil, &c., (though subject to a right of way,) the damages are to be measured by compensation for the diminished value of the property, viewed in its existing relations to the alley.

3. Each owner of such common private way over an alley is entitled to its unobstructed use for its full width, and to remove therefrom anything interfering with such use; each owner of the soil is entitled to the advantages and subject to the disadvantages of its original surface, except that such surface may be reasonably adapted to use for the way created; and the erection of improvements adapted to the original or any altered surface of the way will not change the rights of the respective owners unless by their acts they have estopped themselves from asserting such rights.

On case certified from the Essex Circuit.

Argued at November Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP and MAGIE.

For the plaintiff, *Riker & Riker.*

For the defendant, *Edward M. Colie.*

The opinion of the court was delivered by

MAGIE, J. This was an action of trespass, commenced in the Circuit. The declaration contained three counts: one for breaking and entering a close, and removing therefrom pipes, paving-stones, &c.; one for taking and carrying away such pipes, paving-stones, &c.; and one for breaking and entering the close, and, by trespasses thereon, depriving plaintiff of the use of his barn.

The pleas were the general issue and other pleas which set up a right of way over the close and justified the trespasses charged on the ground of a right to remove obstructions therefrom.

Issue was taken thereon, and a verdict rendered for plaintiff for $200.

Four questions have been certified to this court for its advisory opinion.

The first is whether trespass is the proper form of action.

There is before us a state of the case and the court's charge, which, by agreement of the parties, are to be considered as showing the facts appearing in evidence.

In considering this question, the second count, which was for trespass *de bonis asportatis*, may be left out of view, for there was no evidence on which a recovery thereon could be asked.

The remaining counts are for trespass *quare clausum fregit*. Whether the remedy thus sought is appropriate or not depends on whether the evidence showed any injury done by defendant upon the close described, of which plaintiff had actual or constructive possession.

The close described was bounded on one side by the centre line of an alley.

The evidence showed that the *locus in quo* was the east one-half of an alley, running south from Camp street, between lands of plaintiff and defendant. This one-half was ten feet in width, extending along plaintiff's lot.

The evidence also shows that the lands of plaintiff and defendant, including the alley, were formerly owned by

William Camp. On his death, his executors laid out and mapped the property. The map showed Camp street and the alley in question, the latter appearing to be twenty feet wide. On September 1st, 1856, they sold the property in lots. Defendant, and persons under whom he claims and persons under whom plaintiff claims, purchased lots on the alley. The lots were conveyed to purchasers by contemporaneous conveyances. The deeds described the lots as running to and along the alley, and these words were added to the granting clause, viz., "with the right and privilege of using said alley as a passage-way, in common with the other owners, their heirs and assigns, of the several lots bounding on the same." In this respect the deeds were alike.

If, by the true construction of this conveyance, title passed to the middle of the alley, although subject to a common right of way for the other lot owners, then, for any injury done to the soil in that part of the alley conveyed to plaintiff, not within the right to use it as a passage-way, plaintiff would be entitled to an action of trespass. He is considered to be in possession of so much of the alley as he owns, by virtue of his title and possession of his adjoining lot, as against any unauthorized use of the alley. Such is the law when the title of an adjoining owner extends into a public highway. *Winter* v. *Peterson*, 4 *Zab.* 524. That case differs in no respect in principle from the case in hand.

If, by force of the map and the conveyances, the alley became a public highway, it is well settled that a conveyance of land along it will be construed to extend to its centre line, unless the deed contains express words excluding the land under the highway. *Salter* v. *Jonas*, 10 *Vroom* 469.

The conveyances before us evidently pass to each grantee a private easement of passage over the alley in common with the other lot owners. The plain design is to create, not a public but a private way, and under such circumstances no dedication to the public can be inferred.

Assuming this to be a private way, what construction is to be given to the description in conveyances bounding thereon?

It is to be noted that by the conveyances a perpetual way is created over the whole alley. The grantor had no interest to reserve the ownership of the soil. Under such circumstances I can perceive no reason why the rule of construction applicable to descriptions bounding on a public highway, should not be equally applicable to this description.

The presumption of ownership, *ad medium filum viæ,* in the absence of proof to the contrary, has been applied in England to private as well as public ways. *Holmes* v. *Bellingham,* 7 *C. B.* (*N. S.*) 329; *Smith* v. *Howden,* 14 *C. B.* (*N. S.*) 398.

In Massachusetts, where such private ways seem to be common, the rule of construction of conveyances bounding thereon, is held to be identical with that applied to conveyances on public highways. *Fisher* v. *Smith,* 9 *Gray* 441; *Winslow* v. *King,* 14 *Gray* 321; *Boston* v. *Richardson,* 13 *Allen* 146; *Stark* v. *Coffin,* 105 *Mass.* 328; *Motley* v. *Sargeant,* 119 *Mass.* 231; *Walker* v. *Boynton,* 120 *Mass.* 349.

Applying this rule to the conveyances now in question, I am unable to find any words which tend to exclude the land under the alley. It is true that the conveyances contain a specific grant of an easement of way. This, if not necessary, was at least appropriate to create a right of way over the whole alley. By the contemporaneous deeds each strip was burdened with a similar easement in favor of the other lot owners. In my judgment the grant of the easement does not, under these circumstances, indicate the exclusion of a greater interest in the soil up to the centre line of the alley. In *Motley* v. *Sargeant, supra,* the grant was of a lot bounding on a passage-way, "and the free use of said passage-way in common with myself, my heirs and assigns," and it was held that the grant extended to the middle of the passage-way. In *Stark* v. *Coffin, supra,* the grant bounded on a passage-way, and added, "which said passage-way is to be held in common by the parties to this instrument and their heirs forever," and it was held that the title granted extended to the centre line of the passage-way subject to the common easement.

My conclusion is that plaintiff, by the conveyance under

which he holds, acquired a title to the centre line of the alley, subject to the right of way over the same vested in the other owners of adjoining lots under the Camp title. An injury to the soil or anything affixed thereto, not justified by the right of way over it, is a trespass and may be redressed by an action of trespass.

The next two questions certified relate to the rule for estimating plaintiff's damages laid down in the charge.

An examination of the case makes it obvious that the stress of the case at the trial was considered by counsel and court to be on the justificatory pleas of the defendant. It was, I think, in this aspect of the case that the charge declared that whether the fee of the lands under the alley was in the heirs of Camp or in the abutting owners was entirely immaterial to the merits of the controversy. This proposition was beyond doubt correct with respect to the rights of defendant and the justification he claimed.

But if the justification relied on failed, then the proposition needed to be qualified, or was inapplicable. For in that case plaintiff established his right to some redress, but whether redress could be afforded him in the pending action without amendment, or what was the true measure of his damages, were questions dependent upon the nature of his interest in the *locus in quo*. If plaintiff's interest was only an easement of way, and the injury done appreciably interrupted his use of the way, then plaintiff's redress was by an action on the case, and the measure of his damages would be compensation for the loss and inconvenience occasioned by the interruption up to the commencement of the action. Subsequent actions for continuing the interruption might also be brought. If, however, plaintiff had acquired title to the *locus in quo*, then trespass was the proper remedy, and the measure of damages was different.

The unqualified proposition that it was immaterial in whose ownership the fee of the *locus in quo* was, indicates that the injury suffered by plaintiff was to his easement of way.

The tortious acts disclosed in the case were: (1) the taking

up of two bridges, extending from the floor of plaintiff's barn a few feet into the alley, and used to obtain easy access to the barn; and (2) the removing of a pavement laid by plaintiff from his barn to the centre of the alley, and lowering the grade of the alley.

The instructions as to damages were that the jury were to award compensation. As to the bridges, this was limited to the injury done by taking them down, the materials not having been removed. As to the change of grade, the instruction was that the damages involved the consideration of the cost of putting the barn back in the same condition, and figures were given from the evidence as to the cost of lowering it. The jury were directed to base their verdict on these figures.

The case seems to have been treated as an action for the interruption of plaintiff's easement. Viewed in that light, the instructions cannot be considered as correct. They should have limited the jury to the consideration of the damage resulting from the interruption of the easement, and that only to the commencement of the suit.

If the action had been treated on the theory of the pleadings, the instruction that damages must be awarded for the lowering of the barn was inappropriate. For the trespasses involved in this case the true test of damages is the diminished value of the property injured. *McGuire* v. *Grant*, 1 *Dutcher* 356. One of the questions submitted to the jury was whether the lowering of the grade of the alley was a restoration to its original grade, or an unauthorized alteration. If it was an improper alteration, the other owners of the right of way might require its restoration. It was therefore erroneous to direct damages to be assessed for the lowering of the barn as if absolutely necessary. The instruction should have been that compensation must be awarded for the diminution in the value of the property, viewed in its actual relations to the adjoining property and alley, which had been produced by defendant's wrongful acts.

The remaining question relates to the propriety of the in-

structions regarding the rights and obligations of the abutting owners in the alley.

The instructions in this respect were : (1) that each owner acquired by his conveyance a right to an unobstructed way for the full width of twenty feet; (2) that anything which in the slightest degree interfered with or made less convenient the use of the alley was unlawfully there, and might be removed by any owner of an easement ·in the alley ; (3) that each abutting owner was entitled to the advantages and subject to the disadvantages of the alley in respect to its surface as it was at the time of his conveyance ; and (4) that if alterations had been made in the surface, and any abutting owner had made his improvements without objection, adapting them to the actual condition of things at the time, no change could· afterward be made which would render the improvements of less value.

The first and second of these propositions are unobjectionable.

The third and fourth propositions seem to have been enunciated in respect to facts which do not clearly appear in the case before us. Looked at as general propositions, I think they require some qualification.

When a private way, common to various persons, is created as this was, each owner has a right to remove obstructions and adapt the land to its reasonable use as a way. The adaptation must doubtless be made so as to do no unnecessary injury to adjoining property. But the right of the abutting owners must be subject to the right of appropriate adaptation of the surface of the way for the use designed in its creation. The proposition should have been thus qualified. *Atkins* v. *Bordman*, 2 *Metc.* 457, 467 ; *Appleton* v. *Fullerton*, 1 *Gray* 186.

The fourth proposition was put by the court as arising out of the common ownership of the parties and the mutual obligations resulting therefrom. But the proposition was too broadly stated. Each owner had acquired a right by deed. He was entitled to assert this conventional right in its entirety,

unless it had been altered by some sufficient agreement, or he had estopped himself from such assertion. But an estoppel would not arise from the mere fact that one owner had made improvements on his property adapted to a certain condition of the surface without objection. *Gawtry* v. *Leland*, 13 *Stew.* 323. The proposition should have been qualified by instructions indicating what conduct would in law estop an owner from asserting the right acquired by his deed.