ARTHUR F. GOULD *vs.* EASTERN RAILROAD COMPANY.

Suffolk.    March 3. — June 28, 1886.    W. ALLEN & HOLMES, JJ., absent.
GARDNER, J., did not sit.

> The owner of a large tract of land laid out streets and passageways over it, divided
> it into lots, and caused a plan thereof to be made.   He conveyed these lots to
> different grantees by deeds bounding them on the streets and passageways, and
> describing the lots by measurements which excluded the streets and passage-
> ways.   The deeds also referred to the plan, and conveyed to each grantee a
> right, as appurtenant to the lot conveyed to him, to use the passageways in
> common with the grantor and his assigns.   *Held*, that each grantee took the fee
> to the centre of the street or passageway on which his lot abutted.

PETITION, under the St. of 1873, *c.* 360,* for the appointment
of commissioners to assess damages for the taking by the re-
spondent of certain land in Charlestown, alleged to belong to the
petitioner.

Hearing before *Morton*, C. J., who reported the case for the
determination of the full court, in substance as follows:

The land alleged to have been owned by the petitioner con-
sisted of the following passageways and street, namely, the
passageway between and parallel with First Street and Second
Street; the passageway from First Street to Second Street; the
passageway from First Street towards Austin Street; and the
whole of First Street.

The plaintiff derived his title to these parcels of land through
two conveyances, as follows: On October 19, 1844, the Charles-
town Wharf Company quitclaimed to James Gould all its right,
title, and interest in and to First Street, in Charlestown, together
with all passageways laid out by said company between First
Street and Austin Street, and between First Street and Second
Street, running between said streets, or parallel to the same, sub-
ject to all the rights, privileges, and easements before conveyed
to other persons.   On April 28, 1870, Gould quitclaimed the
same to the plaintiff.

---

* This act authorizes the Eastern Railroad Company to take land in
Charlestown, within defined limits, for a freight station, and provides that
the damages shall be assessed by a board of commissioners appointed by the
Supreme Judicial Court, with a right of appeal from their decision to a jury.

The Charlestown Wharf Company before its deed to Gould was the owner in fee of a large tract of land, including said street and passageways.

The lots of land abutting on said street and passageways were conveyed to different persons by said company before its deed to Gould, by the following deeds:

1. A deed dated October 3, 1838, of several lots, not now in controversy, by reference to a plan of one Barker, and the following: " Also a certain other tract or parcel of land situated in said Charlestown, and being lot numbered seventy-three on said plan, bounded, described and measuring as follows; viz. northwesterly by lot numbered seventy-two on said plan, sixty-nine feet one inch; northeasterly by a common passageway six feet wide, and there measuring twenty-three feet four inches; southeasterly by a new street forty feet wide, called Second Street on said plan, sixty-four feet one inch; and southwesterly by Front Street twenty-three feet four inches, more or less: the northwesterly and southeasterly boundary lines of said last-described lot are parallel and distant from each other twenty-three feet four inches. Also the right and privilege (appurtenant to said lot numbered seventy-three) to pass in, through, and over said last-mentioned passageway in common with said corporation, its successors and assigns, and all others having the like right."

2. A deed dated October 3, 1838, of a parcel of land, described as follows: " Northwesterly by a new street forty feet wide, called First Street on the plan hereinafter mentioned, one hundred and fifty-four feet; northeasterly by Lynde Street, sixty-seven feet; southeasterly by a common passageway six feet wide, and there measuring one hundred and fifty-four feet; and southwesterly by another common passageway six feet wide, and there measuring sixty-seven feet. The above-granted tract of land contains seven lots, numbered sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, on a plan made by Ebenezer Barker, called ' Charlestown Wharf Company, section one,' dated October 3, 1838, recorded with Middlesex deeds. Also a certain other tract of land situate in said Charlestown, containing lots numbered twenty-three and twenty-four on said plan, bounded, described, and measuring as follows; viz. northeasterly by Lynde Street, sixty-seven feet; southeasterly by a

new street forty feet wide, called Second Street on said plan, forty-four feet; southwesterly by lot numbered twenty-five on said plan, sixty-seven feet; and northwesterly by a common passageway six feet wide, forty-four feet. Also the right and privilege, in common with said corporation, its successors and assigns, and all others having the like right, to pass and repass in, through, and over each of said passageways, which right and privilege is appurtenant to each of the above-granted lots."

3. A deed dated June 17, 1839, of a parcel of land, described as follows: "Southeasterly by a new street forty feet wide, called Second Street on the plan hereinafter mentioned, one hundred and ten feet; southwesterly by a common passageway six feet wide, sixty-seven feet; northwesterly by another common passageway six feet wide, one hundred and ten feet; and northeasterly by lot numbered twenty-four on said plan, sixty-seven feet. The above-granted tract of land contains five lots, numbered twenty-five, twenty-six, twenty-seven, twenty-eight, twenty-nine, on a plan made by Ebenezer Barker, called 'Charlestown Wharf Company, section one,' dated October 3, 1838, and recorded with Middlesex deeds. Also the right and privilege, in common with said corporation, its successors and assigns, and all others having the like right, to pass and repass in, through, and over each of said passageways, which right and privilege is appurtenant to each of the above-granted lots."

4. A deed dated May 31, 1843, of a parcel of land, described as follows: "Northwesterly on land of the Commonwealth of Massachusetts, one hundred and fifty-nine feet and $\frac{9}{10}$; northerly on Austin Street; southeasterly on lots numbered one hundred and thirteen, one hundred and twelve, one hundred and eleven, one hundred and ten, and one hundred and nine, on the plan hereinafter mentioned, one hundred and twelve feet and $\frac{6}{10}$; southwesterly on a passageway six feet wide leading into First Street, so called, twenty-one feet; southeasterly again on the end of said passageway, six feet; northeasterly on said passageway, eighty-one feet and $\frac{3}{10}$; southeasterly again on a new street forty feet wide, called First Street, sixty feet; and southwesterly on Front Street by a curved line extending from said Front Street to the land of the Commonwealth aforesaid: the said parcel of land includes lots numbered one hundred and five, one hundred

and six, one hundred and seven, one hundred and eight, one hundred and fifteen, and one hundred and sixteen, on a plan of certain lots of the Charlestown Wharf Company, drawn by S. M. Felton, dated May 15, 1843, and recorded in Middlesex Registry. Also a right of way as appurtenant to the said described parcel of land, and to each of the lots contained therein, in and over the said six-feet passageway leading to First Street, in common with the said corporation and its assigns, and all others entitled to a like right, and all other rights, privileges, and appurtenances to the said parcels of land, or either of them, belonging, be said measurements more or less, or however otherwise the said parcels of land may be bounded or described."

5. A deed dated August 1, 1844, of a parcel of land, described as follows: " Beginning on Front Street, at the southwesterly corner of the tract hereby conveyed, thence running northeasterly and bounded southeasterly by lot numbered seventy-three on a plan of the said company, dated October, 1838, sixty-nine feet one inch; thence running northwesterly, and bounded northeasterly by a passageway six feet wide, laid out on said plan, ninety-three feet four inches; thence running southwesterly, and bounded northwesterly by lot numbered sixty-eight on said plan, ninety-one feet nine inches ; thence running southeasterly to the point begun at, and bounded southwesterly by Front Street, being the whole of lots numbered sixty-nine, seventy, seventy-one, and seventy-two on said plan, and containing by estimation seventy-four hundred and seventy-two feet, together with a right to use said passageway and said Front Street in common with the owners of the other lots abutting thereon."

If the various deeds of the Charlestown Wharf Company before that to Gould, dated October 19, 1844, conveyed the fee in the said streets and passageways to the several grantees, the petition was to be dismissed ; otherwise, commissioners were to be appointed.

*J. T. Wilson*, for the petitioner.

*F. I. Amory*, for the respondent.

C. ALLEN, J. Where there is a plan, showing a tract of land laid out into streets and passageways, blocks and lots, the blocks and lots are usually defined by lines which are coincident with the outer lines of the streets and passageways, and the

dimensions and boundary lines of the blocks and lots are usually expressed in figures which exclude the streets and passageways. And when in a deed of a lot of land reference is made to such a plan, it is usual to give the dimensions of the lot as shown by the plan. But although in such cases the literal description in the conveyance does not in terms include the grantor's interest in the adjacent streets or passageways, yet the presumption is so strong that a grantor under such circumstances does not intend to retain the fee therein, subject to the right of way, after disposing of all his interest in the land which is subject to exclusive occupancy, that it has come to be established as a rule of law that the conveyance will by implication be held to include one half of such adjacent streets and passageways, if the grantor owns the same, unless there is something further to show a contrary intention.

In *Codman* v. *Evans*, 1 Allen, 443, enough was found to show such contrary intention, and the passageway was held not to be included in the grant.

In *Motley* v. *Sargent*, 119 Mass. 231, a case in some particulars much like *Codman* v. *Evans*, sufficient evidence of such contrary intention was wanting, and the general rule was applied, that, where there is a boundary upon a fixed monument which has width, as a way, stream, or wall, even if the measurements run only to the side of it, the title to the land conveyed passes to the line which would be indicated by the middle of the monument. So in *Clark* v. *Parker*, 106 Mass. 554, it was held that "the law presumes it to be the intention of the grantor to convey the fee of the land to the centre of the way, if his title extends so far. This presumption is of course controlled, whenever there are words used in the description showing a different intention. But it has been held that giving measurement, in the deed, of side lines, which reach only to the outer line of the way, are not alone sufficient to overcome it." And in *Berridge* v. *Ward*, 10 C. B. (N. S.) 400, a reference in a deed to a plan annexed, the measurement and coloring of which would exclude the highway, was held not to control the presumption of law that the soil of the highway, to the centre thereof, passes by the conveyance. See also *Walker* v. *Boynton*, 120 Mass. 349; *White* v. *Godfrey*, 97 Mass. 472. The grant in such a deed of a right or privilege

to use the passageway or street does not exclude the inference of
a grant of one half thereof, because it is designed to show that
the grantee shall have a right to use the whole width thereof.
*Motley* v. *Sargent, ubi supra.*   *Peck* v. *Denniston,* 121 Mass. 17.

Looking at the deeds in the present case in the light of the
foregoing decisions, it must be held that they conveyed the fee
in the streets and passageways to the several grantees.

*Petition dismissed.*