### JOHN S. WILSON *vs.* JAMES HILDRETH.

Worcester.    October 6. — 23, 1875.    WELLS & AMES, JJ., absent.

If a line in the description of land in a deed is described as running a certain number of rods to a stake and stones, and no such monument exists, the end of the line is, in the absence of evidence showing a contrary intent, to be determined by the measurement.

A deed of land to C. contained the following description · "Beginning at the north-west corner of the premises at land of A.; thence north 60½° east by land of A. 99 rods to a stake and stones; thence south 28½° east, 98$\frac{40}{100}$ rods by land of the grantor to a post in a rail fence at land of B., the last line running near said rail fence, all of which is conveyed to said C., should there be any part of it east of said line;" thence by various courses to the point of beginning; "containing 60¾ acres, (as surveyed,) be the same more or less." There were and had been no stake and stones on the first line, or other bound except a fence which was 20 rods and 7 links beyond the 99 rods mentioned, to which point if the line ran, and the second line ran thence in a straight line to the post, it would run south, 16° east, 101 rods. The fence referred to in the deed ran near this line, but was somewhat irregular. This would give an area of 67$\frac{7}{12}$ acres. If the first line ran only the distance mentioned in the deed, and then in a straight line to the post, the distance and course corresponded with the deed, but only a small portion of the fence would be near this line. *Held,* that the courses and distances must govern.

TORT for breaking and entering the plaintiff's close in Lunenburg. Trial in the Superior Court, before *Dewey*, J., who before verdict, by the consent of the parties, reported the case to this court in substance as follows :

To prove his title to the *locus in quo,* the plaintiff introduced at the trial his deed from one Willard, containing the following description : " Beginning at the northwest corner of the premises, on the easterly side of the Northfield road, and at land of John M. E. Gilson ; thence north 60½° east by land of said Gilson, ninety-nine rods to a stake and stones ; thence south 28½° east, ninety-eight and $\frac{40}{100}$ rods by land of said Willard to a post in a rail fence at land of Amos Dike, the last line running near said rail fence, all of which is conveyed to said Wilson, should there be any part of it east of said line ; " thence by various courses, not material to the issue, to the place of beginning. " Containing sixty and ¾ acres, (as surveyed,) be the same more or less."

The plaintiff contended that the first line above named should be prolonged twenty rods and seven links beyond the ninety-nine rods mentioned, till it came to the end of the fence, which was a rail fence erected some years before by the grantor, to keep his cattle from straying into the adjoining lot, and is the fence referred to in said deed ; and that the second line should run in a straight line from the said end of the fence and a short distance therefrom, the fence being irregular, south 16° east 101 rods to the said post in a rail fence at land of said Dike. This would give an area of 67$\frac{7}{13}$ acres, and would include the *locus.*

The defendant contended that the first line should be run in the required course and for the required distance of ninety-nine rods ; and that the second line should turn at that point and run south $28\frac{1}{2}°$ east, ninety-eight and $\frac{40}{100}$ rods, as mentioned in the deed, till it came to the said post at land of Dike. This would exclude nearly the whole of said fence and give an area of $60\frac{3}{4}$ acres, and would not include the *locus*.

There were no stake and stones at any point on the first line, nor any other bound, nor had there ever been any, unless said fence may be so regarded.

The defendant claimed title under a later deed from the plaintiff's grantor, which included, with other land, the *locus*, which was a triangular piece of land, beginning at a point at the post by said Dike, and extending to a width of twenty rods and seven links at the other end of the triangle. A plan of the same, a copy of which is printed in the margin, was made part of the case.*

Defendant's land.

South 16° East 101 rods.

Fence.

20 rods, 7 links.

*Locus in quo*, $6\frac{1}{4}$ acres.

South $28\frac{1}{2}°$ East $98\frac{40}{100}$ rods.

Post at Dike's land.

John M. E. Gilson. North $60\frac{1}{2}°$ East.

$60\frac{3}{4}$ acres.
Plaintiff's land.

99 rods.

Northfield road.

There was a survey and plan made of this land in 1864, which described the same according to the metes and bounds claimed by the defendant, and gave the area of the land as 60¾ acres, and there was evidence that this plan was used by the plaintiff's grantor for the purpose of describing the premises in the deed to the plaintiff, and there was no evidence that any other plan or survey had ever been made.

. If by a proper construction of the deed to the plaintiff, aided by such facts reported as are competent therefor, the *locus in quo* is included in the deed to the plaintiff, judgment is to be entered for the sum of twenty dollars damages; otherwise, judgment for the defendant.

*A. Norcross & H. C. Hartwell*, for the plaintiff.

*G. A. Torrey*, for the defendant.

ENDICOTT, J.    The first boundary line described in the plaintiff's deed extends from the Northfield road " north 61° east by land of Gilson ninety-nine rods to a stake and stones." No stake and stones are to be found on this line, or any other bound which can be said to determine the extent of the line, unless a rail fence twenty rods further north can be so regarded.

A stake and stones form a boundary or monument, frequently referred to in deeds, of a definite and distinct character; and such a boundary is not satisfied by a rail fence, unless from other portions of the deed it is clear that it was the intention to carry the line to such fence, as the point indicated by the description " stake and stones." In the absence of any such intent, the stake and stones called for must be presumed to be located by the measurement ninety-nine rods from the Northfield road. *Lincoln* v. *Edgecomb*, 28 Maine, 275.

The second boundary line in the plaintiff's deed is from the stake and stones, " south 28½° east ninety-eight and $\frac{49}{100}$ rods to a post in a rail fence, at land of Dike; the last line running near said rail fence, all of which is conveyed to said Wilson, should there be any part of it east of said line." It is contended by the plaintiff that the line here called for must be through its entire length near the rail fence, south 16° east one hundred and one rods, to the post at land of Dike as indicated on the plan; and therefore that the first line must terminate at the rail fence, and not ninety-nine rods from the Northfield road.

But this position is not tenable.   The line of $98\frac{40}{100}$ rods, as appears upon the plan, does at its southern end run near the rail fence, and actually crosses it before it reaches the post at Dike's land, so that some of it would pass by the words, "all of which is conveyed to Wilson, should there be any part of it east of said line."   By limiting the first line to ninety-nine rods from the Northfield road, the length of that line, the course and length of the second line, and the number of acres, correspond precisely with the requirements of the deed.   By extending it to the rail fence, a very different lot is obtained from that described in the deed by measurements and courses.   The fact, therefore, that the second line, for which the plaintiff contends, is nearer the rail fence through its entire length than the other, is not in itself of sufficient significance to extend the first line to the rail fence, and establish the stake and stones as a boundary at that point.   The line of $98\frac{40}{100}$ rods runs sufficiently near the rail fence at one end to satisfy the language of the deed, and the measurement of ninety-nine rods must govern the first line and determine the extent of the grant.   The *locus* in dispute did not pass to the plaintiff by his deed.

When the monument cannot be found, and its location cannot be made certain, the measurements and other provisions of the deed must be resorted to.   See *Morse* v. *Rogers, ante,* 572, and cases cited.                                  *Judgment for the defendant.*