SARAH A. PECK *vs.* EDWARD E. DENNISTON.

Hampshire. Sept. 21. — 26, 1876. COLT & MORTON, JJ., absent.

A deed of land described it as " beginning on the line of the highway at the corner of land of W.; thence running on said highway 184 feet to the new avenue as laid out by the grantor in his plan of lots; thence running westerly on the said avenue 360 feet to a boundary stone, where another avenue intersects that first named," &c. The deed also contained a grant of a right of way in the avenues. At the time the deed was made there was no monument at the end of the first line, but one was afterwards placed at the side of the avenue, the distance from the point of beginning being 194 feet; and, at the time the deed was made, there was a monument on the side of the avenue 360 feet, westerly from the first line. *Held*, that the first line ran to the centre line of the avenue, and that the second line ran along that centre line.

TORT for the obstruction of the plaintiff's right of way, and cutting down shade trees. The answer denied obstructing the right of way, admitted the cutting down of the trees, and justified the act through ownership of the soil. At the trial in the Supreme Court, a verdict was ordered for the plaintiff; and the defendant alleged exceptions, which were not allowed, and which were afterwards waived, and the case sent to an assessor to assess the damages.

From the assessor's report it appeared that in 1865 the defendant conveyed to A. Perry Peck a parcel of land in Northampton bounded and described as follows: " Beginning on the line of the highway at the northeast corner of the land of Henry Watson; thence running 184 feet northwesterly on said highway to the new avenue as laid out by said grantor in his plan of lots; thence running westerly on said avenue 360 feet

to a bound stone, where another avenue intersects the avenue first above named; thence running southerly on the easterly side of said second avenue 425 feet to a bound stone; thence easterly at nearly right angles with said avenue 278 feet to the southwest corner of said Watson's land; thence northerly and easterly on said Watson's land to first mentioned point; containing three acres, be the same more or less, with the unrestricted right of way in and upon said avenues above named forever."

The question at issue was whether the first boundary line ran to the side of the avenue or to the centre thereof, the alleged trespass being committed in that portion of the avenue lying between the centre and the plaintiff's land.

The assessor found that at the time this deed was made there was no monument at the end of the first boundary line; that there was one at that time at the end of the second and third lines, both of which monuments were at the side of the avenue; that afterwards the parties placed a monument on the first line at the side of the avenue, the distance from the point of beginning being 194 feet instead of 184 feet as stated in the deed.

The plaintiff's damages were assessed; and, on the coming in of the assessor's report, the defendant objected to its acceptance, on the ground that the assessor erred in the construction of the deed to the plaintiff's grantor; but, it appearing that the construction of the deed was a matter in issue at the trial in court, and that the assessor adopted the construction as then ruled, Wilkinson, J., overruled the objection and ordered judgment upon the assessor's report; and the defendant alleged exceptions.

*D. W. Bond & H. H. Bond*, for the defendant.

*C. Delano & J. C. Hammond*, for the plaintiff.

GRAY, C. J. The general rule is well settled that a boundary on a way, public or private, includes the soil to the centre of the way, if owned by the grantor, and that the way, thus referred to and understood, is a monument which controls courses and distances, unless the deed by explicit statement or necessary implication requires a different construction. *Newhall* v. *Ireson*, 8 Cush. 595. *Fisher* v. *Smith*, 9 Gray, 441. *Boston* v. *Richardson*, 13 Allen, 146. *White* v. *Godfrey*, 97 Mass 472. *Motley* v. *Sargent*, 119 Mass. 231.

There is nothing in this deed to take the case out of the general rule. The boundary running by the highway on the easterly side of the lot granted " to the new avenue as laid out by said grantor in his plan of lots " carries the fee to the centre of the avenue. The boundary " thence running westerly on said avenue 360 feet " must therefore also run along the centre. The further words " to a bound stone where another avenue intersects the avenue first above named" merely limit the length of the northern boundary. The case is very like that of *White* v. *Godfrey*, above cited, and is distinguished from *Sibley* v. *Holden*, 10 Pick. 249, and *Smith* v. *Slocomb*, 9 Gray, 36, by the fact that in those cases the boundary began at a monument " on the side of the road," and thus fixed the side of the road as the line from which the boundary should begin and along which it should run.

The additional grant of " the unrestricted right of way in and upon said avenues above named " does not restrict the grant of land, but gives the grantee a right of way over the whole of each avenue, without regard to the title in the soil thereof. *Winslow* v. *King*, 14 Gray, 321. *Stark* v. *Coffin*, 105 Mass. 328. *Lewis* v. *Beattie*, 105 Mass. 410.

The fact that the bound stone, afterwards set up by the parties at the junction of the first avenue with the highway, was at the side and not in the middle thereof cannot be held to restrict the effect of the grant.

The deed having been rightly construed by the court below, it is unnecessary to consider whether the exceptions were seasonably taken.          *Exceptions overruled.*