HONORA O' CONNELL *vs.* NATHAN L. BRYANT & another.

Middlesex.   January 9. — 12, 1877.   COLT & AMES, JJ., absent.

A deed of land described it as " beginning on the southerly side of the old county road, at the westerly corner of land now or late of C., and running easterly and southerly on said road to land now or late of B.," thence by various courses and distances " to the corner begun at, on the county road." *Held*, that it included the fee to the middle of the road.

TORT for cutting down trees standing by the side of a highway in Lexington, on land alleged to be owned by the plaintiff.

At the trial in the Superior Court, before *Colburn*, J., the issue was whether the land of the plaintiff, which was on the southerly side of the street, extended to the centre of the highway, or stopped at the side thereof.   The description of it in the deed to the plaintiff, and in the deed to her grantor, was as follows : " Beginning on the southerly side of the old county road leading through East Lexington to Boston, at the westerly corner of land now or late of Curtis Capell ; and running easterly and southerly on said road, there called Main Street, one thousand nineteen feet, to land now or late of Blaisdell ; " [thence by various courses and distances which it is unnecessary to set forth here ;] " thence north by land now or late of said Capell, one hundred sixty-eight feet, to the corner begun at, on the county road ; with the privileges and appurtenances thereto belonging."

The plaintiff asked the judge to rule that under this deed the land of the plaintiff extended to the centre of the highway. The judge refused so to rule, and instructed the jury that the legal effect of the deed was to show that the land thereby conveyed to the plaintiff did not extend to the centre of the highway, but only to the southerly line of the highway.   The jury found for the defendant ; and the plaintiff alleged exceptions.

*W. B. Gale*, for the plaintiff.

*S. J. Thomas & C. Robinson, Jr.*, for the defendants.

GRAY, C. J.   By a general and now well established rule of construction, the boundary " on the county road " would include the fee in the land to the middle of the road, if owned by the grantor ; and the first part of the description, " beginning on

the southerly side of " that road, being the only clause in the deed that raises any ambiguity, does not refer to any fixed monument at the edge of the road, and may have effect as indicating on which side of the road the land lay, and is not, in our opinion, sufficient to take the case out of the general rule. *Boston* v. *Richardson*, 13 Allen, 146.    *White* v. *Godfrey*, 97 Mass. 472. *Peck* v. *Denniston*, *ante*, 17.                    *Exceptions sustained.*