### SLEEPER *v.* LACONIA.

A deed describing land as bounded by a line running " north-westerly to the river, thence north-easterly by the river shore    *    *   ," conveys the land to the centre of the river, if the grantor owns it so far.

Evidence of a parol agreement between the grantor and grantee, at the time of the conveyance, that the shore of the river shall be the boundary of the lot conveyed, is not admissible.

APPEAL, from the award of damages by the selectmen, for land taken for a highway. Facts found by referees, who awarded that the plaintiff should recover $400 if the title of the plaintiff extended to the centre of the Winnipiseogee river. He derived his title through one Reeves from Baldwin, who was bounded by the river. The description of the land, as given in the deed from Baldwin to Reeves, and in the deed Reeves to the plaintiff, so far as material to determine the question raised, is as follows:

" thence north-westerly on the line of Baldwin's land to the river, thence north-easterly on the river shore to Church street." When the plaintiff purchased his lot, there was between the high ground on his lot and the main channel of the river a low piece of ground covered with water. It was over this low ground that the highway was partly laid.

The referee rejected evidence offered by the defendants to show that at the time Baldwin conveyed to Reeves it was verbally agreed between him and Baldwin that the shore of the river should be the boundary of the lot; and the defendants excepted.

*Hibbard* and *Whipple*, for the plaintiff.

*Jewell & Stone*, for the defendants.

STANLEY, J. Baldwin once owned the premises in question. His line extended to the river, " thence on the river," etc. This gave him the soil to the thread of the stream. *State* v. *Gilmanton*, 9 N. H. 461; *Greenleaf* v. *Kilton*, 11 N. H. 530; *State* v. *Boscawen*, 28 N. H. 217; *Nichols* v. *Suncook Mfg. Co.*, 34 N. H. 345, 349; *Kimball* v. *Schoff*, 40 N. H. 190; *Bradford* v. *Cressey*, 45 Me. 9. Running the line to the river does not restrict the grant to bank or shore of the river. The river is the monument, and, like a tree, a stake, a stone, or any other monument, controls the distance, and is to be considered as located equally on the land granted and the land of the adjoining owner. The centre of the monument is the boundary, and the grant extends to that point.

These views are not controverted, but the defendants contend that the clause in the deed from Baldwin to Reeves and from Reeves to the plaintiff, " thence north-easterly on the river shore," limits and restricts the grant to the bank or shore of the river. In *Woodman* v. *Spencer*, 54 N. H. 507, this question was considered in respect to land bounded by a highway, and it was there held that the expression on the highway, and by the side of the highway, were identical in meaning and effect; and this view is fully sustained by *Dovaston* v. *Paine*, 2 Sm. L. C., H. & W., notes 213, 217, 232, 234, 235, 237, 238; *Motley* v. *Sargent*, 119 Mass. 231; *Peck* v. *Denniston*, 121 Mass. 17; *O'Connell* v. *Bryant*, 121 Mass. 557. The rule is a presumed understanding of the parties that the grantor does not retain a narrow strip of land under a stream or other highway, because the title of it left in him would generally be of little use, except for a purpose of annoyance and litigation.

The evidence as to the agreement between Baldwin and Reeves tended to contradict the deed, and was properly excluded. *Goodeno* v. *Hutchinson*, 54 N. H. 159.

*Judgment on the report for the plaintiff for $400.*

FOSTER, J., did not sit: the others concurred.