JAMES A. TREAT vs. WILLIAM H. JOSLYN & others.

Essex.   Nov. 6, 1884. — March 24, 1885.   COLBURN, J., absent.

A deed of a parcel of land described it as bounded north fifty-six feet by a certain
    street, "east two hundred feet by other land of said grantors on a passage-
    way," south fifty-six feet by certain land, and west two hundred feet by an-
    other street. The grantors owned no part of the streets, and no passageway
    in fact existed. *Held*, that no part of the passageway was on the land con-
    veyed.

BILL IN EQUITY to remove a cloud upon the title to a parcel
of land in Lawrence.   The prayer of the bill was, that the de-
fendants be restrained by injunction from setting up any claim
to a right of way over the plaintiff's land.   The case was sub-
mitted to the Superior Court, upon the following agreed facts :

The grantors of both parties owned a parcel of land, bounded
north three hundred and seventy-seven feet by the south line of
Essex Street, and west two hundred feet by the east line of Ox-
ford Street; and on January 30, 1873, conveyed to the plaintiff
by a quitclaim deed, with the ordinary covenants against persons
claiming under the grantors and against incumbrances made or
suffered by them, a part thereof described in the deed as situ-
ated "on the corner of Essex and Oxford streets, and bounded
north fifty-six feet by Essex Street, east two hundred feet by
other land of said grantors on a passageway, south fifty-six feet
by land now or late of the Essex Company, and west two hun-
dred feet by Oxford Street."   At the date of said deed there
was not, and never has been since, any way in fact along the
east line of the plaintiff's land, either on the defendants' ad-
joining land or partly on their land and partly on land of the
plaintiff, actually used or in any way marked out or laid out on
the land, or located by any deed or plan, unless its location is
determined by the plaintiff's deed.   There have never been any
visible monuments or division fence on the line between the
plaintiff's and defendants' land.

The plaintiff's grantors owned no part of Essex Street or
Oxford Street, and the distances stated in the plaintiff's deed
are exclusive of any part of those streets ; and the defendants
concede that the fifty-six feet on the north and south lines begin

at the east line of Oxford Street, and the two hundred feet on the east and west lines begin at the south line of Essex Street. There is no street or passageway upon the south line of the plaintiff's land with which said passageway on the east line would connect.

The larger part of the land in Lawrence was originally owned by the Essex Company, and was laid out and sold by plans on which were shown the streets and passageways, the distance from street to street being usually two hundred feet, with a passageway fourteen feet wide in the centre. It was uniformly conveyed by the Essex Company by deeds bounding the lots in front by the line of the street, and in the rear by the passageway. These passageways were public, and used like the streets by all persons. The lots were generally fenced in the rear, and such fences were uniformly on the lines of the passageways. The measures of the lots throughout the city usually, if not invariably, excluded these streets and these public passageways where they existed.

The remainder of the lot not conveyed to the plaintiff is now, and for many years prior to the date of his deed had been, occupied by the defendants and their grantors as an iron foundry. The building of the defendants nearest to the plaintiff's line is a two-story building occupied as a pattern-shop; and the most westerly line of it is sixty-seven and a half feet from Oxford Street. The building existed in its present form and location at the date of the plaintiff's deed. It would be impracticable to move this building. The defendants have never had any occasion for a passageway along the west line of their land, as it has so far been occupied, and have no desire for such passageway; and, in their answer, offer to join in a mutual release of the passageway.

On these facts, the plaintiff contended that the right of way created by the deed to him was wholly east of the line drawn parallel with and fifty-six feet from the east line of Oxford Street. The defendants contended that the centre line of said passageway was fifty-six feet from said east line of Oxford Street.

If, upon these facts, the court should be of opinion that the passageway is wholly east of said line drawn parallel with and

fifty-six feet from the east line of Oxford Street, a decree was to be entered declaring that such was the location of the passageway, and perpetually restraining the defendants from claiming any passageway or right of way under said deed in any part west of said line. But if the court should be of opinion that the centre line of said passageway was fifty-six feet from the east line of Oxford Street, a decree was to be entered declaring such to be the location, and dismissing the bill.

*Bacon*, J., rendered a decree in favor of the plaintiff, and granted the injunction as prayed for, and the defendants appealed to this court.

*J. F. Wiggin*, for the defendants.

*C. U. Bell*, for the plaintiff.

C. ALLEN, J. In the opinion of a majority of the court, the description of the granted premises is not to be construed in the same manner as if it had been " bounded east two hundred feet on a passageway." The words " east two hundred feet by other land of said grantors on a passageway " mean other land of said grantors on which there is a passageway. The reference to the passageway, if such passageway were found there, would serve to fix the line, as a reference to an existing monument. But no passageway was found there. It existed merely in this description in the deed. The description, therefore, of the land granted, is to be taken to be of a tract of land fifty-six feet broad on the north, and fifty-six feet broad on the south, and bounded east by other land of the grantors, on which there is a passageway. There is nothing to control the measurement of fifty-six feet as the breadth of the tract of land which is granted free of incumbrances made or suffered by the grantors; and accordingly, in pursuance of the agreement of the parties, a decree is to be entered declaring that the passageway referred to in the deed is wholly east of a line drawn parallel with and fifty-six feet from the east line of Oxford Street, and restraining the defendants from claiming any passageway or right of way under said deed in any part of the lot west of said line. *Wilson* v. *Hildreth*, 118 Mass. 578. *Morse* v. *Rogers*, 118 Mass. 572, 578.                    *Decree accordingly.*