### DANIEL DODD *vs.* IVORY WITT & others.

Berkshire. Sept. 9, 1884. — March 25, 1885. C. ALLEN & COLBURN, JJ., absent.

A deed described the boundaries of a parcel of land as " commencing " on a way, thence west ten rods, thence south four rods, thence east ten rods, thence south on the road to the place of beginning. *Held,* that the presumption that the side lines of the lot extended ten rods from the side of the way could be controlled by evidence that the parties at the time of the conveyance established monuments at the end of ten rods from the centre line of the highway, and that the land was thereafter fenced and occupied in accordance with such monuments.

WRIT of entry to recover a parcel of land in North Adams. Plea, *nul disseisin.* Trial in the Superior Court, before *Gardner,* J., who directed a verdict for the demandant, and reported the case for the determination of this court. The facts appear in the opinion.

*S. P. Thayer,* for the tenants.

*M. E. Couch,* (*C. J. Parkhurst* with him,) for the demandant.

FIELD, J. The demanded premises are a strip two rods wide on the westerly end of the lot described in the demandant's deed. The demandant derives title from Reuben Whitman,

who in May, 1866, conveyed the premises to Thomas H. Lidford by a description as follows : " Commencing on the road at the southeast corner of the land that I gave D. H. Raymond a bond to convey; thence west 22 deg. 30 min. N. ten rods ; thence south 22 degrees 30 minutes west four rods; thence east 22 degrees 30 minutes S. ten rods; thence south on the road to the place of beginning." The descriptions in the mesne conveyances are substantially the same. The road was four rods wide, and Reuben Whitman when he executed his deed owned the fee of it. The deed therefore conveyed the land to the centre line of the highway. *Peck* v. *Denniston*, 121 Mass. 17. *O'Connell* v. *Bryant*, 121 Mass. 557.

The tenants contended, that, by the construction of the deed, the side lines of the demanded premises extended ten rods from the centre line of the highway, or eight rods from the westerly side of the highway; or, if this were not the true construction, that there was an ambiguity in the description; and they offered " John Lidford, father of said Thomas H. Lidford, as a witness to prove that at the time of the execution of the above-mentioned deed from Reuben Whitman to Thomas H. Lidford, the said witness was present; — and that said Whitman measured on the west line of the road above mentioned westerly eight rods, and fixed a monument at the northwest corner of the lot; thence southerly four rods to the southwest corner, and fixed a monument; thence southerly eight rods to the west side of the highway; thence on the highway to the place of beginning; — that his son Thomas H. Lidford and himself built a fence across the west end of said lot from corner to corner, as indicated by the monuments thus erected, at the time of said deed to Lidford, which fence remained until after the demandant went into possession under his deed; — that the land included within said measurement was all that Thomas H. Lidford purchased as he understood it at the time, except that he was told by Whitman that his grant really extended to the centre of the highway, which he was told was four rods wide." The court excluded this testimony, and ruled " that there was no ambiguity in the deeds offered by the plaintiff; that the monument called for ' on the road ' was by the side of the road, and not the centre of the road; " and directed the jury to render a verdict for

the demandant. This is a ruling that, by the construction of the deed, the lines extended ten rods from the westerly side of the road.

In *Peck* v. *Denniston, ubi supra*, Chief Justice Gray says: "The general rule is well settled that a boundary on a way, public or private, includes the soil to the centre of the way, if owned by the grantor, and that the way, thus referred to and understood, is a monument which controls courses and distances, unless the deed by explicit statement or necessary implication requires a different construction. *Newhall* v. *Ireson*, 8 Cush. 595. *Fisher* v. *Smith*, 9 Gray, 441. *Boston* v. *Richardson*, 13 Allen, 146. *White* v. *Godfrey*, 97 Mass. 472. *Motley* v. *Sargent*, 119 Mass. 231."

Not one of these cases, however, considers the construction to be given to a deed in which a highway is a point of departure for a measured line.

In *Newhall* v. *Ireson, ubi supra*, the line was "running northerly seven poles to the county road, and from thence upon the road twenty-two poles to the first-mentioned bound." The seven rods terminated on the north at an old wall, which formerly constituted the southerly boundary of the road. The court held that the line ran to the centre of the road, although this was more than seven rods.

The rule is stated in *Motley* v. *Sargent, ubi supra*, as follows: "It is a general rule of construction that where there is a boundary upon a fixed monument which has width, as a way, stream, or wall, even if the measurements run only to the side of it, the title to the land conveyed passes to the line which would be indicated by the middle of the monument."

The rule is then well established when the road is the *terminus ad quem*, but there is little authority when it is the *terminus a quo*, and there is no monument at the other end of the line.

A majority of the court is of opinion, that it is a common method of measurement in the country, where the boundary is a stream or way, to measure from the bank of the stream or the side of the way; and that there is a reasonable presumption that the measurements were made in this way, unless something appears affirmatively in the deed to show that they began at

the centre line of the stream or way. The ruling of the court, in the construction of the deed, was therefore *prima facie* correct, as there was no monument to determine the other end of the line. But this presumption can be controlled by evidence that the parties at the time of the conveyance established monuments of the boundaries. Without determining whether, in this case, there can be said to be a latent ambiguity in the deed, (see *Hoar* v. *Goulding*, 116 Mass. 132,) or merely an indefiniteness in the description, we are of opinion that the acts of the parties contemporaneous with the delivery of the deed in fixing the monuments, and the subsequent fencing of the lot and the occupation in accordance therewith, are admissible in evidence upon the construction to be given to the deed. *Blaney* v. *Rice*, 20 Pick. 62. *Stewart* v. *Patrick*, 68 N. Y. 450. *Hamm* v. *San Francisco*, 17 Fed. Rep. 119.                    *New trial.*