BETHIAH CHADWICK *vs.* ENOCH DAVIS.

Worcester. October 7. — 23, 1886. DEVENS & W. ALLEN, JJ., absent.

A deed described the boundary line of a parcel of land as "beginning at a stake and stones on the county road," thence by various courses and distances back to the county road, thence to the first bound, and bounding on said county road. In an action where the issue was whether the deed conveyed the title in fee to the centre of the road, the evidence was conflicting as to the location of the stake and stones. The judge instructed the jury that, if they found that the stake and stones were on the side line of the road, title to the centre of the road did not pass; and that, if they could not find where the stake and stones were, title to the centre line of the road passed by the deed. *Held,* that the first ruling was sufficiently favorable to the party who contended that the stake and stones were on the side of the road, and that the second ruling was correct.

TORT, for breaking and entering the plaintiff's close, in Warren. Writ dated September 27, 1884. Trial in the Superior Court, before *Hammond,* J., who allowed a bill of exceptions, in substance as follows:

The land in question is a triangular piece of land, situated on the northwesterly side of Maple Street, in Warren. Maple Street is an old county road, leading from Warren to Springfield, via Brimfield, of which the original location and the time of making are unknown. In 1883, upon a petition reciting that the boundaries of the road were unknown, it was relocated by the county commissioners, and the northwesterly line of Maple Street, as relocated, is now the southeasterly line of the disputed tract of land. The northwesterly line of the disputed tract is adjacent to the plaintiff's land, and its northeasterly line is adjacent to the defendant's land.

The plaintiff claimed title through a deed of Tyler Burroughs to Cyrus Hutchins in 1815, in which the description so far as material to this case is as follows: "Beginning at a stake and stones on the county road leading from Western [now Warren] to Brimfield; thence running westerly, bounding northerly on land of Daniel Batcheller and James Trask, till it comes to a white-oak stump, being a corner of Trask's land and the northwest corner of the piece aforesaid; thence southerly five rods to a cross road; thence running southeasterly to said county road, bounded southwesterly on said cross road; thence running

northeasterly to the first bound, and bounding southeasterly on said county road."

It was contended by the plaintiff, that she had title to the centre of the highway, and that the land in question was thereby included.

It was contended by the defendant, that the deed excluded the fee of the county road, and that the land in question was a part of the county road as the same existed before its relocation in 1883.

The evidence was conflicting as to the existence of any stake and stones, and as to their exact location, if they had existed.

The defendant asked the judge to rule as follows: "The description in the plaintiff's deed, 'beginning at a stake and stones on the county road' and continuing by various courses and distances back to the county road, and thence by said road to the point of beginning, entirely excludes the road from the grant."

The judge refused so to rule, and instructed the jury as follows: "If you find this land was a part of the highway, then the next question is whether the plaintiff had any deed of it. It is not contended by the plaintiff that she has any deed of any portion except that which is west of the middle line of the highway; and if this was a part of the highway, the plaintiff contends it was all west of the middle line of the location of the highway, and that, upon the relocation of Maple Street, it returned, clear of the public easement and public travel, to her as the owner of the fee. She says she got the fee by this deed. Now as to this deed which I read to you as beginning at a stake and stones on the highway. If you can find where those were, start there. If you find the stake and stones to have been on the line of the highway, on the side line, then I instruct you that the deed includes no part of the highway, and that the plaintiff has no record title shown here to any part of the highway. She begins at a stake and stones; if the stake and stones were upon the side of the road, — the side line of the highway, — then the deed includes no part of the highway. If, however, you are unable to fix where the stake and stones were, and cannot ascertain that starting point at all, then I instruct you that the language of the plaintiff's deed is strong enough to convey the title to the middle line of the highway as it existed at the time

the deed was made. If you cannot find the stake and stones, then I instruct you that the deed gives to the middle of the road."

Upon the point whether the grantor in the deed owned to the middle line of the highway at the time of executing the deed, the evidence was conflicting. The judge ruled, in substance, that it was incumbent upon the plaintiff to prove, not only that the description in the deed was in language apt to include the land to the middle of the highway, but that the grantor in the deed owned to the middle of the highway; and left it to the jury upon the evidence to find whether the grantor did so own.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the ruling as to the construction of the deed, and to the refusal to rule as requested.

*C. M. Rice,* (*H. W. King* with him,) for the defendant.

*F. P. Goulding,* for the plaintiff.

FIELD, J. If the stake and stones were upon the side of the road, the ruling of the court was sufficiently favorable to the defendant; if they were not, or if the jury could not find that they were, the ruling of the court was correct. *White* v. *Godfrey,* 97 Mass. 472. *Peck* v. *Denniston,* 121 Mass. 17. *O'Connell* v. *Bryant,* 121 Mass. 557. *Dodd* v. *Witt,* 139 Mass. 63. *Gould* v. *Eastern Railroad,* 142 Mass. 85.          *Exceptions overruled.*