## JOHN F. McNAMEE *v.* WILLIAM A. GASTON ET AL., TRUSTEES.

Suffolk, September, 1902.

*Way — Deed — Boundary — Grant Bounding on Way Held to Include Fee to Entire Width of Way.*

The title in this case shows that in 1825 one Ammi Cutter owning a rectangular tract of land on Charter Street, Boston, erected thereon a block of four houses facing on Jackson Avenue, a private way running Northerly from Charter Street, with a four foot passageway on the end and rear

of the block, and between it and the adjoining lands of his neighbors. This passageway was entirely on his own land and he owned no land on the farther side of it. Situated in the rear passageway, at about the middle block, and jutting out some six feet into the two inside house lots, was a well. No plan was recorded nor is any referred to in the deeds, but a sketch by the Examiner showing the several deed lines is filed with his report.

In 1825 Cutter sold off one of the inside house lots describing it as a parcel of land with a new house thereon, and bounding it Southeasterly " on said passageway seventeen feet, thence turning and running Northerly on a sloping line five feet two inches, thence bounded Northeasterly through the center of a brick partition wall there measuring thirty-five feet." These measurements would be by the inside lines, and taken by themselves would exclude the well and passageway.

In 1852 the remaining estate of said Cutter was conveyed to one Charles E. Trott, who, in the same year, conveyed away the several lots to different purchasers, describing them merely as dwelling houses, and bounding them respectively " on said passageway," and by measurements, which, as in the case of the first lot sold, would, taken by themselves, exclude both well and passageway.

In all the deeds there was a further grant of a right of way over both passageways.

In 1853, the predecessors in title of the respondents, owning the end house in the block farthest from Charter Street, obtained from the owners of the other house lots a deed of release of all right, title and interest in the portion of the two passageways on which the respondent's lot abuts. In 1896 the respondents obtained from the heir of said Charles E. Trott, deceased, a deed of release of all of the original tract owned by him, except what had theretofore been sold.

The petitioners own the house and lot on the corner of

Charter Street and the passageway, and claim to own the fee in the whole of the adjoining way, subject to the easements of the other lot owners therein. The respondents own the end house and lot farthest from Charter Street, and claim to own the fee in the Easterly half of the way adjoining the petitioner's land under their deed of 1896, admitting the title of the petitioner to the middle of the way, and an easement in his favor over the whole.

The sole question in this case is, therefore, whether under his deeds, the petitioner took title to the center of the passageway only, or clear across to the opposite boundary.

This question is one as to which there is no direct decision in Massachusetts nor is much help to be derived from the decisions in the cases most nearly analogous.

The nearest case is, of course, that where the question is whether the fee carries to the nearest side line only, or to the center, of a street or way, and the reason usually given for the Massachusetts rule that the fee will be presumed to carry to the center of the way unless there be strong language in the deed to rebut it, is that a street or way is for this purpose an abuttal, and that where a monument which has width, as a way, a river, a ditch, a wall, or a fence, is used for a boundary, the law implies that where no other line is expressly fixed, it is the middle line of such monument which is the boundary. The boundary is said to be the filum viae, just as it is the thread of the stream. Newhall v. Ireson, 8 Cush. 595. Phillips v. Bowers, 7 Gray, 21. Smith v. Slocomb, 9 Gray, 36. Peck v. Denniston, 121 Mass. 17. This is a result, however, rather than a reason. It is not a fixed rule of law like the Rule in Shelley's Case, but merely a rule of construction adopted in the absence of better evidence, as best determining the intention of the parties. Motley v. Sargent, 119 Mass. 231. Crocker v. Cotting, 166 Mass. 183.

All of the Massachusetts cases which adopt the filum viae

rule are cases either where the grantor owned lots on both sides of the street or way, or where the way was a division line; and the reason underlying the rule adopting the filum viae as the line presumed to be in accordance with the intent of the parties, seems to be, that while the fee may be of value to the grantee, it can be of little or no value to the grantor; that the grant of the easement over it has taken away all that can be serviceable to the owner; and that what is left is at best a bare, naked legal title in an isolated narrow strip or ribbon of land stretching between the estates of third parties, not only valueless in itself to the owner, but held practically in trust for the benefit of the abutters who derive title through him, and which cannot be used for any purpose in derogation of their rights, even to the extent of imposing any additional burdens or easements upon it. Under these circumstances to leave the fee in the grantor is to leave it practically in abeyance, which is contrary to the policy of the law. Smith *v.* Slocomb, 9 Gray, 36. Clark *v.* Parker, 106 Mass. 554. Greene *v.* Canny, 137 Mass. 64. Gould *v.* Eastern Railroad, 142 Mass. 85.

The same reasoning applied to the case at bar would not stop the fee in the lots sold off by the common grantor at the center of the way, leaving just such a narrow strip remaining in his heirs, but would carry the lots across the way to the lands of the adjoining owner. This is clearly brought out in the Rhode Island case of Healey *v.* Babbitt. The rule to the center rests on the assumption that the way is laid out between two separate tracts of land, one-half on each; and the same considerations of policy which have led to the rule of construction that the fee carries to the center of the way where the grantor owns to the center, are applicable to carry the fee across the way where the grantor owns so far and no farther. Healey *v.* Babbitt, 14 R. I. 533. Haberman *v.* Baker, 128 N. Y. 253. Taylor *v.* Armstrong, 24 Ark. 102. Re Robbins, 34 Minn. 99.

Of course this presumption as to the intention of the parties may be controlled by the language of the deed, or by the circumstances of the transaction. A grantor can readily limit his grant to the side of the way and retain the fee in himself, by using apt language therefor. Smith v. Slocomb, 9 Gray, 36. Brainard v. B. & N. Y. C. R. R., 12 Gray, 407. Codman v. Evans, 1 Allen, 443. Treat v. Joslyn, 139 Mass. 94. Crocker v. Cotting, 166 Mass. 183.

Such the respondents contend is the effect of the language used in the case at bar, and they call attention first to the measurements in the deed, which would exclude both well and passageway, and especially to the line of the jog as resembling the elbow in Codman v. Evans. And they further argue that there is a separate grant in all of the deeds of a right of way over both passageways, which, in the case of their own lot, was certainly superfluous as to the way on the North, if the entire fee in that way passed to the grantee under his deed of the house lot. They say that in such case there should have been a reservation rather than a grant of the easement. Measurements, however, are usually, naturally, and almost necessarily, made by the inside lines, and the fact of such measurements is not of itself sufficient to overcome the ordinary presumption against an intent to retain the fee. So far also as the grant of a right of way in the passageways contained in the deeds other than that of the respondents' is concerned, it is to be construed as a grant, and a necessary one, of an easement over so much of the passageway as was not included in each particular deed. Both of these arguments were fully considered in Motley v. Sargent and Gould v. Eastern Railroad, and see also Peck v. Denniston, *supra*.

I am of opinion that no sufficient reason or intent to withhold the fee in a narrow, isolated and valueless ribbon of land, consisting of the farther half of a four foot passageway, appears from these deeds, but rather that the deeds

of the respective lots carried the fee therein clear across the passageway.

So far as the petitioner's lot is concerned, there may be a decree accordingly.

R. L. Fortney for petitioner.

G. A. Sawyer for respondents.