## DELIA A. BOWERS *v.* ELIZABETH A. SELEW.

Middlesex, February, 1904.

*Deed — Boundary on Way — Exclusion of Fee in Way.*

Title in this case is claimed under a deed in which the description reads, " Beginning at the southeast corner of the premises on the south side of Worcester Street at land of Daniel Wight; thence running westerly on said street about 26 rods to a leading way; thence northerly on said leading way as the fence now stands about 63 rods to land of Eleazer G. Wight." The examiner reports that the petitioner has title to the center of Worcester Street, but to the line only of the old leading way, and without any rights in the latter. This is also the contention of the respondent.

The whole policy of the law in this Commonwealth with regard to boundaries on streets and ways has undergone a marked change and development since the early cases on the subject, in the course of which some confusion and apparent conflict in decisions has been inevitable.

At first it seems to have been assumed that it was the ordinary intent of the parties to convey to the side line only of a street or way, and this was the rule of construction in the early cases. Tyler *v.* Hammond, 11 Pick. 193. O'Linda *v.* Lothrop, 21 Pick. 292. Morgan *v.* Moore, 3 Gray 319.

As the country developed, however, and towns and cities grew, the use of streets and ways greatly increased, and the change in character, as well as the nature and effect, of the ownership in the fee of a street or way became more clear. The policy of the law steadily developed in favor of a construction which would carry a fee in that portion of a street

adjoining any granted premises into the owner of the tract so granted, and against a construction that would leave a bare, naked and meaningless title outstanding in one to whom it could be of but little if any use, and oftentimes greatly to the prejudice of the grantee.  In aid of this construction the rule was laid down by Judge Gray that a road being a monument which has width, the center thereof shall be the boundary.  Boston v. Richardson, 13 Allen 146. Gould v. Eastern Railroad, 142 Mass. 85.

Later came the rule laid down by Judge Holmes that the whole matter is purely one of the intention of the parties in each particular case, the presumption being, not a fixed rule of law like the Rule in Shelley's Case, but merely a rule of construction adopted in the absence of any better evidence as the best means of determining the intention of the parties. Crocker v. Cotting, 166 Mass. 183.

So far as the boundary on Worcester Street is concerned, the grant, in accordance with modern presumption, clearly carried to the middle of the street.  The older decisions like Tyler v. Hammond, and O'Linda v. Lothrop must be deemed to be overruled.  Newhall v. Ireson, 8 Cush. 595.  Phillips v. Bowers, 7 Gray 21.  Boston v. Richardson, 13 Allen 146, 152.  Crocker v. Cotting, 166 Mass. 183.  And see McKenzie v. Gleason just published, 184 Mass. 452, 457.

Nor will the mere use of distances which stop at the side of the way be sufficient to exclude the fee in the way to the middle line thereof.  Newhall v. Ireson, 8 Cush. 595.  Clark v. Parker, 106 Mass. 554.  Dean v. Lowell, 135 Mass. 55.

It is said that the law is otherwise, however, where measurements are governed by a monument standing on the side of the way, and that this distinction explains the apparent contradiction between the cases cited above and those in which the fee has been held to be controlled by the monuments, and therefore limited to the side of the way.  Sibley v. Holden, 10 Pick. 249.  Phillips v. Bowers, 7 Gray 21.

Peck *v.* Denniston, 121 Mass. 17. Chadwick *v.* Davis, 143 Mass. 7. Sibley *v.* Holden is said by the editor of the second edition of Pickering's reports to be equally with Tyler *v.* Hammond "in a measure opposed to the current of authorities." This is unquestionably true as to Tyler *v.* Hammond. See the cases noted above and also Paine *v.* Woods, 108 Mass. 160, 171. Both Sibley *v.* Holden and Phillips *v.* Bowers seem also to be contrary to the principle of the more recent decisions. They are repeatedly cited with approval, however, and are apparently distinguished on the ground that the presence of the monument on the side of the way shows an "obvious intent" by the parties to exclude the way. In Peck *v.* Denniston the point is squarely made that in Sibley *v.* Holden by the fact that the boundary begins at a monument "on the side of the road, the side of the road is thus fixed as a line from which the boundary should begin, and along which it should run." In Chadwick *v.* Davis, where the boundary began at a stake and stones on the county road, thence around the various sides to said county road and thence bounding "on said county road" to the first point, it was held that title would carry to the center of the road under the ordinary presumption, unless it appeared as a matter of fact that the stake and stones were upon the side of the road, in which case the fee in the road would be excluded.

A rule more consistent with the trend of the modern authorities, and suggested by some of the more recent cases, is that "it is a common method of measurement in the country, where the boundary is a stream or way, to measure from the bank of the stream or the side of the way," using the natural and really only available monuments substantially as a surveyor uses his base line, not as a boundary line, but as a means supplied from the natural monuments from which the boundary line may be ascertained and determined. Dean *v.* Lowell, 135 Mass. 55. Dodd *v.* Witt, 139 Mass. 63.

Mr. Crocker clung to the old rule that " if a monument standing at the side of the way is mentioned as a point to and from which the boundary lines of the premises run, the whole of the fee is excluded," citing, however, a number of the later decisions as being " contra." He also strongly disapproved of Crocker v. Cotting. Crocker, Notes on Common Forms, Pages 46 and 47.

It would seem that there is no good reason why, in the natural course of development, cases like Sibley v. Holden and Phillips v. Bowers should not also fall by the wayside like Tyler v. Hammond, and title be carried to the center of the way unless barred by something stronger than the mere fact that a fixed monument on the side of the way was adopted for the purpose of measurement. So far, however, the cases have not gone to that extent. But where a deed expressly bounds by the line of the street, there seems to be no doubt that the fee in the street is excluded. Smith v. Slocomb, 9 Gray 36. Holmes v. Turners Falls Co., 142 Mass. 590. McKenzie v. Gleason, 184 Mass. 452.

In the case at bar, the boundary is expressly run " as the fence now stands," and that was by the side of the road. The accompanying words " on the road," as in the case of McKenzie v. Gleason, seem to be " obviously used for the purpose of description only;" and the deed cannot fairly be held to import a grant of anything beyond the boundary named. The examiner's report is confirmed, and registration must be by the line of the fence on the side of the old leading way, and without any appurtenant rights in the way.

So ordered.