JAMES J. MCCARTHY *vs.* CITY OF EVERETT.

Middlesex. October 23, 1919. — December 1, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Deed,* Construction. *Mortgage,* Release. *Release. Boundary. Way,* Private. *Practice, Civil,* Case stated. *Evidence,* Presumptions and burden of proof, Inference.

The mortgagee of a tract of land, which, after the recording of the mortgage deed, had been subdivided by the owner of the equity of redemption into lots and a private way, from time to time made partial releases of the mortgage as to the separate lots. The releases of all of the lots abutting on the private way described them as bounded either "by" the way or "on" the way. After the release of the last lot abutting on the way, the mortgagee assigned his mortgage and mortgage note to one who foreclosed the mortgage. *Held,* that the deeds of partial release left the title to the fee of the private way in the owners of the abutting lots unincumbered by the mortgage and that title was not affected by the foreclosure.

Where a partial release of a mortgage of real estate describes the land to which the release applies as bounded "by" or "on" a private way, the land to the centre of the way is released, if there is nothing in the deed to show a contrary intention.

The rule above stated is a rule of construction and not an inference of fact.

A provision in a case stated that no inference of fact shall be drawn, where the issue is, whether land, described in a partial release of a mortgage as bounded "by" or "on" a private way, included land to the centre of the way, does not prevent the application of the rule of construction that the boundary line of land so bounded is the centre of the way unless a contrary intent is shown by the instrument.

PETITION, filed on July 1, 1913, for the assessment by a jury of damages resulting from the taking of certain real estate for the laying out of a public street.

In the Superior Court, a case was stated under the provisions of St. 1913, c. 716, it being agreed expressly that no inference of fact should be drawn. Material facts agreed upon are described in the

opinion. The petition was heard by *Quinn*, J., the parties waiving their right to a trial by jury. The judge found for the respondent; and the petitioner appealed.

*W. L. Scoville*, for the petitioner.

*W. P. Lombard*, for the respondent, submitted a brief.

CROSBY, J. This is a petition for the assessment of damages for the taking, by right of eminent domain for the purposes of a public way, of a parcel of land alleged to be owned by the petitioner. The case is before us upon a case stated under the provisions of St. 1913, c. 716, § 5, the parties expressly agreeing that no inferences of fact shall be drawn by the court.

The record shows that on July 6, 1896, Bridget Mulligan mortgaged to Bethana Leighton lots 19 and 20 shown on a plan of those and other lots, which plan and the mortgage were duly recorded. On February 10, 1906, the mortgagor conveyed lots 19 and 20 to Edward J. Mulligan subject to the mortgage given to Leighton. Mulligan had the lots surveyed and divided into five house lots as shown on a plan duly recorded on January 16, 1908. On February 17, 1908, Leighton executed to Mulligan a partial release from her mortgage of the northwesterly part of lot 5 as shown on the plan. On December 26, 1907, Mulligan had caused the entire tract to be redivided into six lots instead of five, and a plan showing the new division was duly recorded on March 11, 1908. According to the last division lot 3 on the earlier plan was shown on the new plan as a way or street forty feet wide leading through the centre of the tract and in effect amounted to a continuation of Dowse Street on the south, extending northerly to Central Avenue. This street was designated on the plan as Edwards Terrace with lots 2 and 3 abutting the way on the westerly side and lots 4 and 6 on the easterly side. Thereafterwards from time to time the mortgagee Leighton released from the mortgage all the lots shown on the plan of December 26, 1907. Lots 2, 3 and 4 have been sold and houses have been since erected on some of the lots. In the partial release of lots 1 and 2 so executed by the mortgagee the premises released are described in part as bounded "by Edwards Terrace;" the release of lot 4 describes it in part as bounded "by Edwards Terrace;" the release of lots 3 and 6 describes them as bounded "on Edwards Terrace." The deeds conveying lots 2 and 3 on the westerly side of the street and the

deed conveying lot 4 on the easterly side describe the land as bounded "by Edwards Terrace." After the mortgagee had released lots 3 and 6, she executed an assignment of the mortgage and the note which the mortgage was given to secure to Samuel and Nathan Berkowitz. These assignees assigned the mortgage to the plaintiff, who sold at foreclosure sale "all and singular the premises conveyed by said mortgage except such portions thereof as have been heretofore released." The description of the land in the notice of sale is a description of Edwards Terrace as shown on the plan of December 26, 1907. The record recites that "The foreclosure was by entry as well as sale, and was in all respects regular."

The question is, Was the land embraced within the limits of Edwards Terrace released by the several partial releases given by the original mortgagee, or did it remain subject to the mortgage?

When a deed describes the land conveyed as bounded by or on a public or private way, the rule has long been established that the line of the granted premises extends to the centre of the way if owned by the grantor and if there is nothing in the deed to show a contrary intention. In *Peck* v. *Denniston,* 121 Mass. 17, it was said at page 18, that "The general rule is well settled that a boundary on a way, public or private, includes the soil to the centre of the way, if owned by the grantor, and that the way, thus referred to and understood, is a monument which controls courses and distances, unless the deed by explicit statement or necessary implication requires a different construction." *Fisher* v. *Smith,* 9 Gray, 441. *Boston* v. *Richardson,* 13 Allen, 146, 154. *McKenzie* v. *Gleason,* 184 Mass. 452, 457.

In construing the releases given by the original mortgagee, the general rule must be held to apply. They respectively released the land in Edwards Terrace to the centre of the way. The releases of the lots, whether described as bounded on or by Edwards Terrace, plainly manifest a purpose by the mortgagee to release the land adjoining each lot to the centre of the way with no intention to reserve from the releases that part between the line of the street and its median line.

Where a deed of land described it as "bounded with the street," this court said in *Boston* v. *Richardson, supra,* at page 153, "But

in the absence of words clearly manifesting an intent so to do, the law presumes that he [the grantor] did not intend to reserve the title in a strip of land, not capable of any substantial or beneficial use by him, after having parted with the land by the side of it, while the highway remains, nor ordinarily of any considerable value to him if the way should be discontinued, and the ownership of which by him might greatly embarrass the use or disposal, by his grantee, of the lot granted." If the petitioner's contention is correct, the owners of lots 3 and 6 would have no means of access to them over any public way. The releases all refer to the recorded plan. *New York & New England Railroad* v. *Railroad Commissioners*, 162 Mass. 81. *McKenzie* v. *Gleason, supra.*

The contention of the petitioner that to come to the conclusion reached it is necessary to draw an inference of fact to ascertain the intention of the mortgagor, and for that reason is contrary to the agreement of the parties in the case stated, is without merit. The presumption that the title of land bounded by a way passes to the middle of the way unless expressly restricted to the side, is a rule of construction, and obviates the necessity of a finding of fact, in the absence of evidence tending to show a different intention. ·

*Judgment for the respondent affirmed.*