WILLIAM L. SMITH, JR., & another *vs.* LOUIS JOSEPH HADAD & others.

Middlesex.    May 9, 1974. — August 1, 1974.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Real Property,* Boundary; Deed: property conveyed.

A measurement in a deed of a boundary running from a public way was, absent a clear showing of a contrary intent, presumed to be from the side line and not the center line of the way. [108-109]

PETITION filed in the Land Court on August 18, 1970.
The case was heard by *Silverio,* J.
*William L. Smith* for the petitioners.
*William J. Lee* for the respondents.
*Dunbar Holmes* for East Cambridge Savings Bank.
*Geoffrey Bolton,* for the Massachusetts Conveyancers' Association, amicus curiae, submitted a brief.

HENNESSEY, J.    This case, which is before us on the allowance of an application for leave to obtain further appellate review, presents the issue whether, in the absence of expressed intent by the parties to the transaction, a measurement given in a deed as commencing on a public way is to be presumed to begin at the center or at the side line of that way. The Land Court and the Appeals Court, ·*Smith* v. *Hadad,* 1 Mass. App. Ct. 637 (1973), both rendered decisions in favor of the respondents' position that the presumed starting point is the side of the way. We affirm.

The basic facts of the case, as agreed by the parties, are as follows.

The land now owned by all the parties was at some time owned by one Raymond E. Nichols, who in 1949 conveyed a portion of it to the petitioners' predecessor in title, reserving a portion for himself. The deed of which Nichols was grantee described the northern and eastern boundaries as "following the old course of said river to Main Street; thence the line runs Southerly by said Main Street, now a state highway, to said Short Street." Nichols's grant to the petitioners' predecessor gave the same description up to Main Street but then read as follows: "[T]hence turning and running Southerly by Main Street to a point on Main Street distant eight hundred (800) feet North of the junction of Main and Short Streets; thence turning at a right angle to said Main Street and running Westerly one hundred seventy-five (175) feet; thence turning and running Southerly and parallel to Main Street and distant one hundred seventy-five (175) feet therefrom, eight hundred (800) feet more or less to said Short Street." Nichols thus reserved a 175 foot wide parcel fronting on Main Street to the east, which was later conveyed to the respondents' common predecessor in title. Left ambiguous in the deed was whether the 175 foot measurement begins at the western edge or in the center of Main Street. Since the street is sixty-six feet wide, the answer affects a 33 foot wide strip at the boundary between the petitioners' and the respondents' land. It is the dispute over ownership of this strip which has brought the issue to this court.

In our consideration of this case we examine, first, the issue of the ownership of the fee under a public way, the rights to which were taken by the Commonwealth by an easement, after a transfer of title to land of which the way is a boundary where the deed either clearly made the side line the boundary rather than the center, or left the issue ambiguous.

While it is true that after the taking of an easement for a public way the fee to the underlying land remains in the adjoining private owners, we have noted that this property

right is effectively useless unless the public way is abandoned. *Smith* v. *Slocomb,* 9 Gray 36, 37 (1857). *Boston* v. *Richardson,* 13 Allen 146, 153 (1866). Neverthless, cases have arisen where the parties neglected explicitly to settle the question in the deed, and it later became a matter of dispute. In such cases the law fathoms the unexpressed (and possibly nonexistent) intention of the parties with the aid of a presumption.

The presumption has long been that, even where the specified boundary line is clearly at the side of the way (as where it runs between two stakes, each of necessity at the side rather than in the center), the deed was intended to transfer the abbreviated rights to the fee of the way as well. See, e.g., *Peck* v. *Denniston,* 121 Mass. 17 (1876); *Brassard* v. *Flynn,* 352 Mass. 185, 188-189 (1967), and cases cited. See also G. L. c. 183, § 58, inserted by St. 1971, c. 684, § 1. The rationale of such decisions is apparently that the grantor is unlikely to want to reserve title to the fee of the way; if he does, he may avoid the effect of the presumption by contraindicating.

The ultimate issue here is the distinct question of the starting point for a measurement, which was dealt with in *Dodd* v. *Witt,* 139 Mass. 63, 65-66 (1885): "A majority of the court is of opinion, that it is a common method of measurement in the country, where the boundary is a stream or way, to measure from the bank of the stream or the side of the way; and that there is a reasonable presumption that the measurements were made in this way, unless something appears affirmatively in the deed to show that they began at the centre line of the stream or way." We believe this is dispositive of the instant case. That a grantor probably had no intention to retain the fee under the adjoining way does not make it at all likely that he would therefore make a measurement from the center of the way affecting the placement of the boundary at the opposite end of the property. We note that the *Dodd* case was decided after *Peck* v. *Denniston, supra,* and expressly confirmed the *Peck* rule of construction. 139 Mass. at 65 (1885). There is nothing inconsistent between the two presumptions; rath-

er, they both accord with common experience, good sense, and long tradition.

The petitioner argues that the holding of *Dodd* v. *Witt, supra,* was not that this presumption shall be made as matter of law but that evidence may be offered to demonstrate that the parties evinced a contrary intent by erecting monuments at the boundaries. While the petitioners accurately state the holding, there is no showing of evidence in this case to rebut the presumption. The *Dodd* case clearly implies that the presumption shall be operative in the absence of such evidence. It is significant that the *Dodd* case recognized that such a presumption was widely made. It has been ever since. To change it now would create chaos in land titles, defeat the reasonable expectations of conveyancers, and cause substantial financial hardship to many innocent landowners.

Accordingly, we hold that, in the absence of a clear showing of a contrary intent, a measurement given from a stream or public or private way shall be presumed to begin at the side line of that stream or way.

*Exceptions overruled.*
*Decision affirmed.*