JACOB CHAN, JR., *vs.* WILLIAM BRANDT.

December 17, 1890.

**U. S. Patent—Description Controlled by Monuments, etc.**—The monuments and boundary lines as established by the United States government survey control the description of lands patented by the United States, and mistakes in the surveys cannot be corrected by the judicial department of the government.

Same—**Quarter-Section Corner Fixed by Witness-Corner.**—Where, on account of the presence of a lake, a quarter-section corner on the section line could not be fixed and designated by a stake or monument at such corner, and the same was located by a witness-corner established near the margin of the lake on the section line, and the stake there fixed, together with the plat and field-notes, show the distance and direction of such mound from the section corner on the section line, such corner is thereby fixed, and its location is to be ascertained by measurement from the witness corner.

**Same — Evidence of Mistake in Measurement.** — Evidence tending to show a mistake in the measurement by the government surveyor in such a case, *held* inadmissible.

**Same—State Statute Inoperative.**—The state statute (Gen. St. 1878, *c.* 8, § 235,) is inoperative when it comes in conflict with the rules established by acts of congress for subdividing sections.

Action of ejectment, brought in the district court for Douglas county, and tried before *Baxter,* J., who directed a verdict for plaintiff. The defendant appeals from an order refusing a new trial.

*C. J. Gunderson,* for appellant.

*Knute Nelson* and *Horatio Jenkins,* for respondent.

VANDERBURGH, J.  The plaintiff has acquired the title of the patentee to the southeast quarter of section 31, township 127, range 28, and the defendant is the owner of the northeast quarter of the same section.  The dispute in this case is over the boundary line.  The location of the quarter-post on the east line of the section is agreed on by the parties, but they disagree as to the location of the quarter-corner on the west line of the section.  In accordance with the acts of congress and rules of the land department, all subdivisional lines of a section must be straight lines running from the proper corner in one exterior line to the proper corner in the opposite exterior line of the section as established in the original survey.  The boundaries, as established by the government surveyors and returned to and accepted by the government, are unchangeable, and control the description of lands patented.  And it is well settled that mistakes in the surveys cannot be corrected by the judicial department of the government.  *Cragin* v. *Powell,* 128 U. S. 691, (9 Sup. Ct. Rep. 203.) It is very clear, as remarked by the court in *Haydel* v. *Dufresne,* 17 How. 23, 30, that "great confusion and much litigation would ensue if judicial tribunals, state and federal, were permitted to interfere and overthrow the public surveys."  The purchaser from the United States, and those claiming under him, are bound by the descriptive calls, surveys, and plats designating what he buys.  *Bates* v. *Illinois Cent. R. Co.,* 1 Black, 204.

If, then, the quarter-corners as established by the government survey are ascertainable, a straight line running from the quarter-

corner on the east line of the section above referred to, through the same to the quarter-corner so located on the west line, will establish the correct division line between the northeast and southeast quarter-sections now in dispute, whether the last-named quarter-corner was accurately located in the original survey, or not; that is to say, whether or not it is equidistant from the north and south section corners. The government plat indicates that the point of intersection of the east and west subdivision line with the west line of the section in question is in a lake or pond, and, in accordance with the rules governing the surveys of the public lands, a witness-corner appears to have been established on the section line on the northerly margin of the lake, and both the plat and field-notes show that this witness-corner, which consisted of a mound, pits, and a stake, is 14 chains and 85 links north of the quarter-corner as fixed by the surveyors. The call thus appearing by the records of the survey is controlling.

There is no doubt or dispute in respect to the witness-corner, which is clearly identified by the evidence, and the location of the quarter-corner in question is therefore a mere matter of measurement. Where no monuments are referred to in the description, and none are intended to be erected, the distance stated therein must control the location. *Negbauer* v. *Smith,* 44 N. J. Law, 672. The end of the line measured south from the witness-corner on the section line, 14.85 chains in length, is the point fixed to designate the location of the quarter-section corner. *Wilson* v. *Hildreth,* 118 Mass. 578.

We do not see that it is material that in the survey of the adjacent township the description calls for a different location of the quarter-corner in the adjacent section. The survey of each section must stand upon its own records.

In answer to a suggestion of appellant's counsel, it may be assumed that if the survey appeared to be grossly or palpably erroneous, it would not have been approved by the land department until corrected; and if the call made the location of the corner impracticable, other methods would have to be resorted to in order to subdivide the section; and the law requires that corners of quarter-sections not marked shall be placed as nearly as possible equidistant between the two

corners standing on the same line.    The state statute (Gen. St. 1878, c. 8, § 235) is inoperative when it comes in conflict with the rules established by the acts of congress for subdividing sections.    And when lines can be run and established in conformity with the government survey, as ascertained by fixed monuments, corners, and distances, they will control, and the rights of parties who purchase according to the government survey cannot be affected by the act of the legislature.    *Neff* v. *Paddock,* 26 Wis. 546.

As there is substantially no conflict of evidence in this case, the court was right in directing a verdict for the plaintiff.

Order affirmed.