CHARLES BELTZ v. SIMON MATHIOWITZ.

June 3, 1898.

Nos. 11,160—(60).

**Government Survey—Quarter-Section Post.**

The rule is well settled that the corner of a government subdivision of land is where the United States surveyors establish it, whether the location is right or wrong.

**Same—Lost Section Post—Location May Be Proved.**

If a government quarter-section or section post has disappeared, the site of its location may be established by clear and satisfactory evidence, and, if so established, will control and govern as fully as if the original post remained.

**Same—G. S. 1894, § 836—When Applicable.**

G. S. 1894, § 836, is construed in harmony with this rule. It applies only to cases where the original posts have been destroyed, and the sites of their original location cannot be ascertained by evidence of the character before mentioned.

Appeal by defendant from a judgment of the district court for Brown county, in favor of plaintiff entered in pursuance of the findings and order of Webber, J. Affirmed.

*John Lind,* for appellant.

*Somerville & Olsen,* for respondent.

COLLINS, J.:

This litigation grows out of the dispute over the exact location of the east and west line between the N. E. ¼ of section 13, township 111, range 33, owned by plaintiff, and the S. E. ¼ of the same section, owned by defendant. The east line of this section is the east line of the township, and a highway laid out thereon has been graded and traveled for many years. The real cause of the dispute is the

disappearance or destruction of the quarter corner post established and set many years ago by the government surveyors on the line between said section 13 and the section exactly east thereof, the place of location being now a part of the graded and traveled highway.

It is the claim of counsel for plaintiff that, notwithstanding the disappearance of the original post, its exact location was clearly and satisfactorily shown upon the trial. The court so found when it fixed the line between the two quarter sections, and in effect located the quarter corner 119 chains and 66 links north of the southeast corner of section 24 in the same town and range. Defendant's counsel insist that the finding was not warranted by the evidence, and further, even if it was, that under the provision of G. S. 1894, § 836, the government field notes are the primary evidence for finding or locating a corner in all cases where it appears that the post originally located by the government surveyors has been destroyed, and that these notes must control in every such instance. And it seems to stand confessed by all that, if the field notes are to govern, the disputed corner must be fixed about 34 links north of the point designated by the court below. So that upon the trial the plaintiff's counsel devoted their energies to an attempt to establish the actual site of the original post as the same was placed in position by the government surveyors; while counsel for defendant contended as a matter of law under the statute that its original site was to be ascertained and fixed by actual measurements made from undisputed government corners in accordance with the field notes, and that these notes absolutely control in all cases where the original posts have been destroyed.

It is the general rule here, as well as elsewhere, that courses, distances and descriptions must yield to actually existing monuments, or to the site of their former location, if clearly established. Chan v. Brandt, 45 Minn. 93, 47 N. W. 461. See, also, Yanish v. Tarbox, 49 Minn. 268, 51 N. W. 1051. And it is the established rule that the true corner of a government subdivision is where the United States surveyor established it, whether this location is right or wrong. Beardsley v. Crane, 52 Minn. 537, 54 N. W. 740. In view of what was said in the case first cited in respect to the site of

lost monuments (although section 836, supra, was not then under consideration), it would seem to be settled in this jurisdiction that if, for any cause, the original government post or monument has disappeared, its location can be ascertained by competent evidence, and thus established; and, if clearly and satisfactorily so established, the site of such location will govern and control as fully as if the original remained in position.

Section 836, which provides for the fixing of quarter-section and section posts where the originals have been destroyed, such fixing to be in accordance with the field notes, was not intended to apply to cases where the sites of the original locations could be clearly and satisfactorily established, but simply to cases where the original location could not be so ascertained. The section is not to be construed in opposition to the settled rule, but on the contrary in harmony with it. To adopt the construction placed by counsel on the section would be to hold that the moment a government post disappeared its location could only be ascertained in accordance with the field notes, no matter how well settled or known the original location had become. If the field notes failed to correspond with the actual location, such a rule would countenance that which could not be done,—the appropriation of one man's land by another on the destruction or disappearance of a government monument or post which had theretofore been on the boundary line.

On the only question of fact in this case, we are of opinion that the original site of the quarter post was clearly and satisfactorily established by plaintiff's proof.

Judgment affirmed.