CHARLES O. WINGER v. AUSTIN O. VAAE.[1]

January 3, 1901.

Nos. 12,353—(175).

**Ejectment—Verdict Sustained by Evidence.**

In an action of ejectment, *held*, that the verdict, to the effect that a certain quarter corner was at the point claimed by plaintiff, is sustained by the evidence.

[1] Reported in 84 N. W. 659.

82 M—10

Action of ejectment in the district court for Grant county. The case was tried before Steidl, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. J. Scofield*, for appellant.

*C. J. Gunderson*, for respondent.

START, C. J.

The plaintiff is the owner of the southeast quarter, and the defendant of the southwest quarter, of section 4, township 128, range 43, in the county of Grant, this state. The dispute between the parties hereto relates to the true location of the quarter corner on the south side of the section. The plaintiff claimed that the corner was at a point designated in the record as point 2, which was equidistant from the southeast and southwest corners of the section, respectively. The defendant claimed that it was at a point designated as point 3, which was 2.36 chains east of point 2. This action was brought to recover from the defendant the possession of the strip of land lying between the disputed lines. On the trial of the action the pivotal question was whether the quarter corner was at point 2 or 3. The question was submitted to a jury, the plaintiff had a verdict, and the defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The assignments of error relate to the refusal of the court to give certain requested instructions, and to the sufficiency of the evidence to support the verdict. Practically, the only question here to be considered is whether the verdict is supported by the evidence. The defendant contends that the evidence conclusively shows that the government quarter-corner stake was placed by the surveyors at point 3; hence that is the true quarter corner, whether it divides the land equally or not. If the premises of his proposition are true, his conclusion necessarily follows. Beardsley v. Crane, 52 Minn. 537, 54 N. W. 740; Beltz v. Mathiowitz, 72 Minn. 443, 75 N. W. 699. The trial court instructed the jury as follows:

"In case the quarter-section corner as established and marked by the United States government survey has been lost or become obliterated, and cannot be found or located with the aid of the record and field notes, and by testimony of credible witnesses, then it will be presumed that such quarter-section corners were originally located at equal distances from the section corners, and the quarter-section line will be presumed to run through the center at equal distance from the two section lines. Every person obtains title to the land from the United States government according to the United States government survey, and such survey cannot be disregarded when it can be ascertained, no matter how erroneous it may appear."

This was a correct statement of the law of the case. Ferch v. Konne, 78 Minn. 515, 81 N. W. 524. The government plat and field notes of survey received in evidence indicate that the quarter sections are square, and that a post in a mound was set at the quarter corner on the south side of the section. The oral evidence tends to show that no government stake was ever placed at a point forty chains from the section corner (that is, at point 2), for the reason that it was in a slough and covered with water, but that a witness corner was established at point 3, and a post set, marked "W. C." The evidence is undisputed that a stake and pits of some kind were found at point 3, and the evidence tends to show that they were intended as a witness corner. The defendant claims that the evidence is conclusive that this stake was a government post, and, being the only stake ever found at or near the locus in quo, and the field notes being silent as to any witness corner or stake, but affirmatively showing that there was a post set in a mound at a quarter corner, it conclusively follows that the place where the post was found is the true quarter corner. It may be conceded that the weight of the evidence supports the claim of the defendant that the stake so found was a government post of some kind, but it is not conclusive; and, upon the whole record, we are of the opinion that the question as to the location of the corner was one of fact for the jury, and that the verdict is fairly sustained by the evidence.

The defendant requested the court to give the jury this instruction:

"You cannot find the corner at point 3 other than a true quarter corner, unless you first find that it is designated on the plat as a witness corner."

This was refused, and rightly so, as it was in effect a request to instruct the jury to return a verdict for the defendant. Again, it assumes that the designated point was either a true quarter corner or a witness corner. The court modified several of the defendant's requested instructions. Waiving the question whether there was any proper exception to the action of the court, we are of the opinion that the court did not err in so doing.

Order affirmed.