# JOHN WETLE v. JOHN FLEGEL and Others.[1]

November 25, 1910.

Nos. 16,909—(124).

**Boundary line — evidence of lost corners.**

In an action to determine a boundary line, *held*, the evidence was sufficient to justify the trial court in finding that the corners in dispute were lost, and in establishing the same by proportionate measurements from corners which were known and established.

Action in the district court for Benton county against seven defendants to determine a certain north and south boundary line between four sections of land in a certain township. Four of the defendants joined in a separate answer in which they admitted there had been a dispute as to the true location of the boundary between themselves and the plaintiff and the other three defendants; that the parties were unable to agree upon the location of the line, and joined in the prayer of the complaint for its determination by the court, that it be marked by suitable monuments, and that the same be so located in the place claimed by defendants.

The case was tried before Taylor, J., who made findings of fact and as conclusions of law determined that the answering defendants, Joseph Loidolt, Charles Loidolt, John Flegel and Peter Schueller were entitled to judgment locating the section corners, quarter section corners, and section lines in dispute between the parties as stated in the findings. From an order denying the motion of plaintiff and of defendants John Lehman and Ferdinand Steindorff for a new trial, they appealed. Affirmed.

*J. D. Sullivan,* for appellants.

*Stewart & Brower,* for respondents.

[1]Reported in 128 N. W. 577.

LEWIS, J.

Action under the statute to determine the boundary line between the lands of appellant and the several respondents, some of whom did not appeal. The controversy was whether or not certain section corners and quarter corners had been lost by the destruction or removal of the government stakes and bearing trees.

On behalf of appellants' side of the controversy, witnesses testified to the location of certain stakes and bearing trees, which were claimed to be the original government marks, and as to the construction of certain fences, which were claimed to amount to a practical location. On the other hand, there was evidence tending to show that several surveys had been made, that no government posts, bearing trees, or marks were left, and that the corners in dispute were lost. The court ordered judgment that the lines be established as contended for by respondents, viz., by the method provided by law for the establishment of a lost corner.

We consider the evidence conflicting upon the question whether the corners were lost, and that it was sufficient to support the court in finding that they were lost. This was the main issue contested, and that the correct method was followed in such case is not questioned; i. e., to establish the corners by proportionate measurements from those corners which are known and established.

Affirmed.