## AUGUST GOROSKI v. D. E. TAWNEY and Another.[1]

### April 18, 1913.

### Nos. 18,046—(164).

**Government survey — location of section corners — lost corners.**

In an action to determine boundaries, it is *held:*

(1) That the corners of government subdivisions in the public land **surveys** are where the government surveyors put them; and the courts cannot correct errors in their location.

(2) The finding of the trial court that two quarter corners, the location of which is the source of this controversy, were lost, is supported by the evidence.

(3) Where quarter corners are lost, and the field notes are inconsistent, the boundary of the quarter sections is found by a proportional measurement between the known section corners to which the quarter corners belong.

Action in the district court for Roseau county to determine boundaries and to recover $300 damages for use and occupation of a strip of land 37 rods in width. The answer prayed that the action be dismissed and demanded judgment for $220 upon a counterclaim for use and occupation of 31 acres. The case was tried before Grindeland, J., who made findings and ordered judgment in favor

[1] Reported in 141 N. W. 102.

of plaintiff for the sum of $90. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Tawney, Smith & Tawney,* for appellant.

*W. E. Rowe,* for respondent.

DIBELL, C.

This is an action to determine the boundary line between the north ½ and the south ½ of section 1, township 160, range 44, in Roseau county. From a judgment determining the boundary line, the defendant appeals.

1. In the public land surveys the corners of government subdivisions are where the government surveyors correctly or mistakenly place them; and errors in their location cannot be corrected by the courts. Chan v. Brandt, 45 Minn. 93, 47 N. W. 461; Beardsley v. Crane, 52 Minn. 537, 54 N. W. 740; Beltz v. Mathiowitz, 72 Minn. 443, 75 N. W. 699. If their locations can be determined, they control.

2. A lost corner is one whose location, as established by the government surveyors, cannot be found. If its location, though evidence of it on the ground is gone, can be determined satisfactorily by competent evidence, it is not a lost corner. The fact that evidence of the physical location of a corner cannot now be seen, or that no one who saw the marked corner is produced, does not necessarily make the corner a lost one. If the evidence is such that the place where the corner was can be determined, it is enough.

The controvery is as to the east quarter corner and the west quarter corner of section 1, township 160, range 44. The north line of township 160 is the fifteenth standard parallel, and therefore a correction line.

The field notes, for a quarter corner on the east line, call for a "post 4 ft. long, 2 x 3 ins., 1 ft. in ground with charred stake N., in mound of earth 4½ x 4½ x 2 ft., with pits 1½ x 1½ x 1 ft., 6 ft. dist., for quarter sec. cor." There is a like call for the quarter corner on the west line.

There is no evidence that any one ever saw either of these quarter corners. There is now no physical evidence on the ground of their

having been located, and there is no. evidence that physical indications of their location have ever been seen.

The appellant seeks to establish the location of the two quarter corners, at the point which he claims, 40 chains north of the southeast corner, by showing the location of certain quarter corners and section corners to the east and west of section 1, which are located in harmony with his claim of the proper location of the two quarter corners in dispute, and by showing something like a practical construction in harmony with his claim by owners and occupants to the east and west, and by showing a correspondence of magnetic variations from a point 160 rods north of the southwest corner of section 1 with magnetic variations from certain known corners. The field notes, other than of section 1, are not in evidence. Conceding the competency of all of appellant's evidence, the case made at most left it a question of fact whether the quarter corners were lost corners, and the trial court's finding is supported by the evidence.

The appellant complains of the finding that the two quarter corners were never made or ascertained. Conceding the inconsistency of the finding, the appellant is not harmed. We have proceeded upon the assumption that the court found that the quarter corners are lost, and have reviewed that finding, and base our decision upon it.

3. The four corners of the section are either admitted or established by the evidence. The field notes give the length of the east line as 79 chains. Its length is 63.61 chains. The field notes give the length of the west line as 78.80 chains. Its length is 64 chains. The field notes place the east quarter corner 40 chains north of the southeast corner of the section, and 39 chains south of the northeast corner. The field notes place the west quarter corner 40 chains north of the southwest corner, and 38.80 chains south of the northeast corner. The defendant claims that each quarter corner should be fixed 40 chains north of its section corner. The plaintiff claims that the deficiency should be divided proportionally.

The quarter corners being lost, and the field notes being inconsistent, so that the boundary cannot be fixed by adopting the field notes distances and measuring between the known north section corners

and the south section corners, the rule is that the boundary will be fixed by proportional measurement. The rule is stated in the instructions of the Interior Department as follows: "Lost quarter section corners are to be restored in line between the section corners which stand on the same line and at distances between them proportional to those returned in the field notes of the government survey."

When the actual distance is variant from the field notes distance between the two section corners, and the intervening quarter corner is lost, it is not assumed that the error is in one portion of the line and not in the other, but the loss is proportionally divided. The rule stated is adopted and applied in Wetle v. Flegel, 112 Minn. 445, 128 N. W. 577, and in other cases. The court adopted and correctly applied this rule.

Judgment affirmed.