HANS H. GRANDT AND ANOTHER v. TOWN OF POKEGAMA AND OTHERS.[1]

June 5, 1925.

No. 24,471.

**Restoration of lost interior section corners.**

Lost interior section corners should be restored at distances from the nearest known corners north, south, east and west, proportional to those laid down in the field notes of the original survey.

1. See Boundaries, 9 C. J. p. 166, § 19.

Action in the district court for Pine county to restrain defendants from constructing a highway and to fix a boundary line. The case was tried before Searles, J., who ordered judgment in favor of plaintiffs. Defendants appealed from an order denying their motion for judgment notwithstanding the findings or for a new trial. Reversed.

*Hurley & Hurley*, for appellants.

*Edgerton, Dohs & Maxfield*, for respondents.

WILSON, C. J.

Plaintiffs own the S. E. ¼ of S. E. ¼ of Sections 16-39-21. Defendant Minse owns the N. E.¼ of N. E. ¼ of Section 21, which adjoins plaintiffs' land on the south. The line between these lands is in dispute. The town board tore plaintiffs' fence down, destroyed growing crops and graded a road where they claimed the line was located. The court awarded $300 damages and determined the location of the boundary line. Defendants appeal from an order denying their motion for judgment notwithstanding the findings or for a new trial.

The trial court located the boundary line as being on and part of a straight line running between the south quarter corner of section 15 and the southwest corner of section 16 because these two posts

were the nearest recognized government survey posts along this line. The north and south line was ignored. Were the two recognized points located in the same section, this method would be proper to determine interior points. Clark, Surveying & Boundaries, §§ 366, 368, 391. They are not. This method was not followed in Stadin v. Helin, 76 Minn. 496, 79 N. W. 537, 602, because the surveyor there verified his location on the east and west line by a survey of the north and south line, finding the distances corresponding exactly with the government field notes. Whereas in the instant case the southeast corner of plaintiffs' land on the line established by the court does not correspond with the government field notes, but the distance therefrom to the southeast corner of the section a mile to the south is about two rods short, and its distance to the northeast corner of section 15, a mile to the north, is about two rods long. The trial court properly concluded that, if this line is to be located by a survey, it is necessary to resort to the government rules applicable to finding a lost corner. This is a lost corner. Section 360, Advance Sheets Manual of Instructions for the Survey of the Public Lands of the United States (1919). The method of reestablishing a corner is governed by the rules of the general land office. Dun. Dig. § 1081. G. S. 1923, § 939. Extinct interior section corners ordinarily are reestablished at the intersection of two right lines connecting the nearest known points on the original section lines east and west and north and south of it. Lost interior section corners should be restored at distances from the nearest known corners, north, south, east and west, proportional to those laid down in the field notes of the original survey. This rule, embracing this qualification, in the language of Clark, Surveying & Boundaries (1922 ed.) § 524, requires the surveyor to proceed as follows:

"First: Measure from the first known corner west to the first known corner east of the lost corner, and, in a direct line, plant a temporary corner at the required distance as determined proportionately to the original survey. Second: Measure from the first known corner south of the lost corner to the first known corner north

thereof, and in a direct line plant a temporary corner at the required distance as determined, proportionately to the original survey. Third: From the temporary corner so set on the east and west lines run a line due north or south far enough to intersect a line run east or west, as the case may be, from the temporary corner on the north and south line of the section. Fourth: From the temporary corner set on the north and south line run a line east or west, as the case may be, until it intersects the north and south line run from the other temporary corner. The point of intersection of the two lines will be the required corner."

Mr. Clark also graphically illustrates this rule on page 491. The rules of the United States Land Department are to the same effect. General Land Office Circular of March 14, 1901, reprinted March 1906; Sommer v. Meyer, 125 Minn. 258, 261, 146 N. W. 1106; Kleven v. Gunderson, 95 Minn. 246, 104 N. W. 4; Goroski v. Tawney, 121 Minn. 189, 141 N. W. 102; see also Advance Sheets of Manual of Instructions for the Survey of the Public Lands of the United States (1919), a General Land Office publication, §§ 365, 367, 369, 372 and 375. General Land Office Circular, Restoration of Lost or Obliterated Corners, revision of June 1, 1909, reprinted July 1, 1916, §§ 45, 51, 54 and 56.

We are of the opinion that the trial court should have followed this method if he was to be governed by the survey. Plaintiffs' engineer did not follow any rule insofar as the north and south line was concerned. The result was that he attempted to locate an east and west line, without locating the plaintiffs' southeast corner or Minse's northeast corner. It was necessary to locate the corner in order to determine the end of the line. Perhaps it may be said that this was determined by dividing the 1½ mile line into three equal parts. We do not find any rule approving of this method of locating a boundary line under the facts in this case. In justice to the engineer, however, we may say that the record justitfies the statement that he made no effort to locate a lost corner, but he merely located a straight line between certain points.

The respondent says that there was a practical location of this boundary line at substantially the same location fixed by the court, but the trial court did not make any finding on this issue.

Reversed and a new trial is granted.